957 So.2d 686 (2007)
A.P. and V.H., Parents of N.P., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D06-1327.
District Court of Appeal of Florida, Fifth District.
May 4, 2007.
Rehearing Denied June 8, 2007.
Linda G. Sasser, St. Augustine, for Appellant.
Anthony C. Musto, Hallandale Beach, for Appellee.
MONACO, J.
We treat this appeal from a non-final order removing the child from the custody *687 of its parents and reinstating protective supervision of the child as a petition for writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.040(c). See also In Interest of M.A., 609 So.2d 597 (Fla. 1992); Dep't of Health & Rehab. Servs. v. Honeycutt, 609 So.2d 596 (Fla.1992); S.H. v. Dep't of Children & Families, 950 So.2d 1267 (Fla. 5th DCA 2007). Because notice of the evidentiary hearing that led to the order was both ineffective and defective, and thus departed from the essential requirements of law, we grant the writ.
It is unnecessary to develop in detail the background of this case. Upon the motion of the Department of Children and Families, the trial court entered an order reinstating protective services for the child of the appellants. On the same day the court appointed a single lawyer to represent both the father and the mother. The Department was fully and immediately notified of the name and address of the lawyer. By the time protective services were reinstated, however, the mother had admitted herself into a mental health facility. The father was employed, and was limited in his capacity to respond to orders on short notice.
Upon the child being taken into custody, the Department issued a notice to the parents advising them of that action and spelling out certain other rights and responsibilities. On the same day, the trial court issued an Order On Review of Shelter Petition For Temporary Custody in which it found that there was probable cause to believe that the child was dependent, placed the child in shelter care with a relative, set the terms and conditions of visitation, and delineated other matters concerning the shelter care of the child.
It appears from the Order on Review that an evidentiary hearing was held on the issues determined by the order on the same day as the issuance of the notice by the Department to the parents. The body of the order indicates that the mother was not present because she was hospitalized, and that a "good faith effort" was made to notify the father. There is no indication that the attorney for the parents attended the hearing.
On the next day the parents filed a petition to set aside and rehear the Order On Review because, among other things, the attorney for the parents asserted that she had not been notified of the hearing. The attorney indicated that the clerk sent her an email notice of hearing less than five hours before the hearing, but that the attorney was not in her office during most of the day, and did not see the email until after the hearing was completed. She asserted, as well, that "[t]he DCF Attorney had my cellular phone number and office number and failed to attempt to reach me by either means." She also stated in her motion that the attorney for the Department was aware that the attorney for the parents would be at the Family Integrity Program offices dealing with another case at the very time the hearing was scheduled and would not be able to attend. She concludes by saying, "NO ONE EVER ATTEMPTED TO NOTIFY ME OF THE HEARING, although many people were aware of my whereabouts and unavailability." The trial court nevertheless denied the motion.
Section 39.502, Florida Statutes (2006), requires notice in cases involving shelter hearings and hearings resulting from medical emergencies to be given in the manner "most likely to result in actual notice to the parents." Of particular importance in the present case, Florida Rule of Juvenile Procedure 8.225(c)(5) indicates that in dependency and termination of parental rights proceedings, when service is "required or permitted to be made upon a party or participant represented by an attorney, *688 service shall be made upon the attorney unless service upon the party or participant is ordered by the court." The rule then defines the method of accomplishing service and necessitates service by a means most likely to result in actual notice.
Generally, rule 8.225(c)(5) requires that service upon the attorney is made by "delivering a copy to the attorney or by mailing it to the attorney's last known address." Delivery means that the document must be either handed to the attorney or left in the attorney's office with the person in charge. Additionally, notice can be left in a conspicuous place in the office or it may be transmitted by facsimile to the attorney's office with a cover sheet containing the sender's name, firm, address, telephone number, and fax number, the number of pages transmitted and the recipient's fax number. Where service is made by fax a copy must also be served by "any other method permitted by this rule." If the party or participant is not represented by an attorney, then service of all pleadings or papers are to be upon the party or participant. See Fla. R. Juv. P. 8.225(c)(5)(D).[1]
The Legislature has prescribed that parents and all other parties and participants be given "reasonable notice" of all hearings provided for under section 39.502. See § 39.502(1), (17), Fla. Stat. (2006). Our Supreme Court has instructed in a different context that "reasonable notice" means different things depending on the nature of the proceeding. See Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So.2d 940, 948 (Fla.2001). At the very least, however, this encompasses a reasonable time to prepare. See Borden v. Guardianship of Borden-Moore, 818 So.2d 604, 606 (Fla. 5th DCA 2002). If parents are to be given reasonable notice, and if notice must be given to the attorney representing a parent, then the notice that is required to be given to the attorney must meet the test of being reasonable.
The standard of review to be applied by an appellate court in considering common law certiorari is whether the trial court's order departs from the essential requirements of law. See Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000). A fair reading of the statutes and rules leads us to conclude that the parents and their attorney in the present case were unquestionably entitled to reasonable notice of the hearing. The attorney, however, got virtually no notice, and neither parent was in attendance. As the most basic considerations of due process are offended under these circumstances, we conclude that the court's order departs from the essential requirements of law, and that certiorari relief is appropriate.
While we grant relief, we emphasize that we take no position with respect to the merits of the matter before the trial court. Rather, we focus only on the procedural shortcomings. Notice means real notice in accordance with the statutes and rules, and not a half-baked effort.
WRIT GRANTED, and case REMANDED for a new hearing.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Although no mention is made in rule 8.225(c)(5) concerning service by e-mail, there are certainly occasions when this method might well be most likely to accomplish service, and it might well be considered as a supplement to the methods identified by the rule. The appropriate committees of the Florida Bar may wish to visit this issue in the future.