972 So.2d 871 (2007)
GUARDIAN AD LITEM PROGRAM, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, T.K. and D.K., foster parents, Appellees.
No. 4D07-332.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
Wendie Michelle Cooper, Orlando, for appellant.
Anthony C. Musto, Hallandale Beach, for appellee, Department of Children and Families.
William T. Hess of Hess & Heathcock, P.A., Stuart, for appellees, T.K. and D.K, foster parents.
GROSS, J.
The Guardian Litem Program appeals an order denying the Department of Children and Families's request to modify a child's placement, because the "proposed prospective adoptive placement of the child . . . [was] not appropriate under the circumstances and most importantly, not in the child's best interests."
This order is a non-final order that is not appealable under Florida Rule of Appellate Procedure 9.130.
Rule 9.130(a)(3)(C)(iii), which allows for appeals from orders determining custody in family law matters, does not encompass non-final orders in termination and dependency proceedings. See Dep't of Health & Rehab. Servs. v. Honeycutt, 609 So.2d 596, 597 (Fla.1992) (finding that dependency proceedings under chapter 39 do *872 not fall within the traditional definition of "domestic relations" including divorce, separation, custody, support, and adoption); see also In re: Amendments to the Florida Rules of Appellate Procedure (Out, of Cycle), 941 So.2d 352 (Fla.2006) (declining to adopt amendment to appellate rules to authorize appeals from non-final orders determining the right to custody in juvenile dependency and termination of parental rights cases and noting that the matter is a subject of ongoing study).
The order is also not subject to review under Rule 9.130(a)(4), which allows appeals from "non-final orders entered after final order on authorized motions." This language refers to motions "directed to some aspect of true finality in the original order or judgment." In re J.T., 947 So.2d 1212, 1217 (Fla. 2d DCA 2007). The order in this case is not directed to any prior final order. Rather, it contemplates a future final order, one which will ultimately either grant or deny the foster parents' petition for adoption. See generally Scott ex. rel. Scott v. Women's Med. Group, PA., 837 So.2d 577, 577 (Fla. 1st DCA 2003). This is not the type of "egregious" dependency determination contemplated in Honeycutt which may be reviewed by common law certiorari. 609 So.2d at 597.
The appeal is dismissed.
STONE and POLEN, JJ., concur.