975 So.2d 1158 (2008)
C.B., Mother of J.B., K.B., C.B., and B.B., etc., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D07-2049.
District Court of Appeal of Florida, Fifth District.
March 5, 2008.
*1159 Linda G. Sasser, St. Augustine, for Appellant.
Annette Pitts of Department of Children and Families, Daytona Beach, for Appellee.
LAWSON, J.
In this expedited and consolidated appeal, the mother of J.B., K.B., C.B. and B.B., appeals four post-disposition dependency orders. She argues that the trial court violated her due process rights by reinstating supervision and removing the children from her custody without proper notice, and without initiating a new dependency proceeding where the children were never adjudicated dependent and the court had already successfully terminated supervision. Although the orders appealed are neither final orders nor appealable non-final orders, we treat this appeal as a petition for writ of certiorari. Finding that the lower court's reinstatement of supervision and change of custody was not authorized by statute, we also find that the orders constitute a departure from the essential requirements of law, and grant the writ. Given our resolution of the primary issue on appeal, there is no need to address the mother's lack of notice argument.

Facts and Proceedings Below
In February 2006, the Department of Children and Families, ("DCF" or "the department"), filed a petition to shelter the mother and father's four children after the mother and youngest child, B.B., tested positive for opiates at B.B.'s birth. The lower court sheltered the children with the parents under DCF supervision. In April 2006, the mother filed a written consent to dependency which stated that she consented "without admitting the allegations in the Dependency Petition, to the Dependency of my child(ren)." Based on the mother's consent, the lower court set a disposition hearing, while withholding adjudication of dependency.
In June 2006, the court entered a judicial review order, which continued to withhold adjudication, found that the parents had substantially complied with the case plan, and gave DCF "[d]iscretion to terminate supervision ex parte after August 17, 2006." In February 2007, the court granted DCF's motion to successfully terminate supervision of the mother's custody, although the order terminating supervision also purported to retain jurisdiction.
On May 10, 2007, DCF filed an "Emergency Motion to Reinstate Protective Services Supervision and Temporary Change of Placement," which alleged that the *1160 mother had been arrested and incarcerated for drug possession and had been evicted from her apartment. Despite repeated objections from the mother's counsel, the trial court proceeded by reinstating supervision in the old case, without requiring the filing of a new dependency petition, and without following any of the procedural requirements for a new dependency action. Specifically, in an order dated May 10 and amended May 15, the trial court "reinstated" protective supervision, removed the children from the mother's custody, and ordered that the mother comply with the previous case plan. Subsequently, on June 7, the trial court entered an order denying the mother's request for an adjudicatory hearing. Finally, the court denied the mother's motion for rehearing. The mother timely appealed each of these orders.

Jurisdiction and Standard of Review
Although these proceedings were filed as direct appeals pursuant to Florida Rule of Appellate Procedure 9.146, it does not appear that this court has appellate jurisdiction. None of the orders being appealed are final orders nor are they appealable non-final orders under Florida Rule of Appellate Procedure 9.130(a)(3). In D.K.B. v. Department of Children & Family, 890 So.2d 1288 (Fla. 2d DCA 2005), the Second District held that rule 9.146 does not expand the types of non-final orders which may be appealed beyond those listed in rule 9.130. The supreme court expressly approved D.K.B.'s holding in In re Amendments to The Florida Rules of Appellate Procedure (Out of Cycle), 941 So.2d 352, 357 (Fla.2006). See also, Dep't of Health & Rehab. Servs. v. Honeycutt, 609 So.2d 596 (Fla.1992) (holding that review of non-final orders determining child custody in child dependency proceedings is not encompassed by rule 9.130(a)(3)(C)(iii), which permits review of non-final orders determining child custody in domestic relations cases). Accordingly, we treat this appeal as a petition for writ of certiorari pursuant to rule 9.040(c). See A.P. and V.H. v. Dep't of Children and Families, 957 So.2d 686 (Fla. 5th DCA 2007). This court's standard of review is whether the trial court's orders depart from the essential requirements of law. Id. at 688.

Analysis
The mother argues that because the children were never adjudicated dependent, the lower court was not allowed to exercise jurisdiction over her children after termination of supervision without following the statutory requirements governing new dependency actions. We agree.
We start by noting that section 39.507, Florida Statutes, does not give the court "full authority" over a child that is not adjudicated dependent. See § 39.507(5) & (6), Fla. Stat. (2006). In addition, although section 39.521(b)3 provides that the court's "termination of supervision may be with or without retaining jurisdiction," this provision, by the statute's express terms, only applies to children "adjudicated by a court to be dependent." See § 39.521(b), Fla. Stat. (2006).
The court's treatment of children who are not adjudicated dependent is governed by section 39.507(5), Florida Statutes. That statute allows the court to withhold adjudication of dependency, leave the children in their home, and order in-home supervision by the department. This was the action originally taken in this case. However, section 39.507(5) only authorizes an extended exercise of jurisdiction if "the court later finds that the parents of the child have not complied with the conditions of supervision imposed", in which case the court can then "enter an order of adjudication" *1161 and "thereafter have full authority under this chapter to provide for the child as adjudicated." Id. Clearly, the court cannot proceed further under section 39.507(5) after it enters an order successfully terminating supervision because the section only contemplates further action based upon a violation of "the conditions of supervision." At the time the trial court took the actions challenged here, the mother was no longer subject to any conditions of supervision, and therefore could not be subjected to further jurisdiction for an alleged failure to comply with conditions of supervision.
Finally, DCF argues that the trial court was authorized to order the children removed from the mother's custody, without initiating a new dependency action, based upon section 39.522, Florida Statutes, which allows the court to "change the temporary legal custody or the conditions of protective supervision at a post-disposition hearing, without the necessity of another adjudicatory hearing." Again, the express language of the statute contradicts DCF's position. This statute only authorizes a change in temporary custody "without the necessity of another adjudicatory hearing." In this case, the mother was granted permanent custody of her children when DCF's protective supervision was terminated in February 2007. For these reasons, we agree with the mother that the trial court violated the essential requirements of the law when it attempted to exercise full jurisdiction without the initiation of a new dependency action. Therefore, we quash the orders on review.
WRIT GRANTED; ORDERS QUASHED.
PALMER, C.J., and PLEUS, J., concur.