995 So.2d 1083 (2008)
GUARDIAN AD LITEM PROGRAM, Appellant,
v.
R.A., Father of J.K.A., a Child, Appellee.
No. 5D08-1993.
District Court of Appeal of Florida, Fifth District.
November 21, 2008.
Annette M. Lizardo and Thomas Wade Young, Orlando, for Appellant.
Herbert S. Zischkau III, Deltona, for Appellee.
LAWSON, J.
In this termination of parental rights case, the guardian ad litem ("GAL") appeals an order granting the father's motion to change the placement of his daughter, J.A., from the home of her foster parents to the home of her grandmother. Because the trial court based its ruling upon an erroneous view that the law provided the grandmother a placement preference under these circumstances, we find that the court departed from the essential requirements of the law when ordering the *1084 change of placement.[1] The trial court should not have granted the motion without a determination, based upon the evidence presented, that a change of placement was in J.A.'s best interest.
J.A. was born on October 9, 2006, and placed in foster care three days later. The paternal grandmother was immediately asked to take custody of J.A., but declined. J.A. was ultimately placed in non-relative, pre-adoptive placement with her current foster parents in July of 2007. Shortly thereafter, an older half-sibling, B.B., also came to live with the foster family and J.A. The half-sibling has been adopted by J.A.'s foster parents, and they are willing and able to adopt J.A., who has now been in their care for more than a year. J.A. calls her foster mother "momma." The foster mother testified that J.A. is very bonded to her half-sibling, as well as to her foster father and to the rest of their children. The foster mother testified regarding the care given to J.A. in their home and her attempts to encourage contact between J.A. and the grandmother. However, despite the foster mother's efforts, the record reflects that the grandmother showed no interest in J.A. until shortly before the father filed his motion.
The GAL testified that she had been assigned to J.A.'s case since October of 2007, and had observed J.A. with both the foster family and the father. However, she had never observed J.A. with the paternal grandmother. The GAL testified that J.A. appeared to be stable in her placement and that she was very playful with the other children in the foster family. The GAL further opined that it would be in J.A.'s best interest to remain in her current home. The father produced no evidence that could support a finding that it would be in J.A.'s best interest to be removed from her current home and placed with her grandmother.
The standard for ordering a change in the placement of a dependent child is the child's best interest. See § 39.522(1), Fla. Stat. (2008). In addition, section 39.521(1)(d)8.b., Florida Statutes, expressly provides that when "no suitable relative is found and the child is placed with the department or a legal custodian" in the first instance, "neither the department nor the court is obligated to" later place the child with a relative "if it is in the child's best interest to remain in the current placement."[2]
The trial court failed to follow these clear statutory directives, and should not have ordered a change of placement for J.A. based upon the evidence in this record. Therefore, we quash the order on review.
*1085 CERTIORARI GRANTED; ORDER QUASHED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] Because there is no rule authorizing the direct appeal of this type of non-final order in a termination of parental rights case, we treated the notice of appeal as a petition for writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.040(c). E.g., R.J. v. Guardian Ad Litem Program, 993 So.2d 176 (Fla. 5th DCA 2008) (citing Guardian Ad Litem Program v. Dep't of Children and Families, 972 So.2d 871 (Fla. 4th DCA 2007)); see also C.B. v. Dep't of Children and Families, 975 So.2d 1158 (Fla. 5th DCA 2008). Accordingly, this court's standard of review is whether the trial court's order departs from the essential requirements of law. C.B., 975 So.2d at 1160.
[2] Case law similarly recognizes that under the circumstances of this case, where a child has been declared dependent, it is the trial court, not the parents whose child has been declared dependent, who must decide what is in the best interest of the child. See, e.g., Padgett v. Dep't of Health and Rehabilitative Services, 577 So.2d 565 (Fla.1991); P.K. v. Dep't of Children and Families, 927 So.2d 131 (Fla. 5th DCA 2006); Hausmann v. L.M., 806 So.2d 511 (Fla. 4th DCA 2001).