NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of J.S., a child.                )
_____)
                                                 )
GUARDIAN AD LITEM PROGRAM,                       )
                                                 )
            Petitioner,                          )
                                                 )
v.                                               )          CASE NO. 2D14-1685
                                                 )
DEPARTMENT OF CHILDREN AND                       )
FAMILIES, D.B., and W.S.,                        )
                                                 )
            Respondents.                         )
_____)

Opinion filed July 25, 2014.

Petition for Writ of Certiorari to the Circuit
Court for Hendry County; James D. Sloan,
Acting Circuit Judge.

Laura E. Lawson, Sanford, for Petitioner
Guardian ad Litem Program.

Stephanie C. Zimmerman, Children's Legal
Services, for Respondent Department of
Children and Families.

No appearance for Respondents D.B. and
W.S.


MORRIS, Judge.

The Guardian ad Litem Program (GAL) petitions for a writ of certiorari directed at the circuit court's order modifying placement of J.S. subsequent to his adjudication of dependency. Because there is no indication that the circuit court considered whether the modification of placement was in the best interest of the child, we grant the petition.

I.		Background

J.S. was sheltered shortly after birth due, in part, to allegations of the birth mother's substance abuse; he was adjudicated dependent in August 2012. J.S. has been residing with his current foster parents for a year. In November 2013, a modification of placement hearing was conducted and the maternal grandmother requested that J.S. be placed with her. Although there was testimony regarding the grandmother's home study, visitation with J.S., and her desire to assist in J.S.'s therapy,[1] the birth mother opposed placement with the grandmother.[2] Despite the birth mother's opposition, the case manager opined that it would be in J.S.'s best interest to be placed with the grandmother. However, the circuit court disagreed, finding that a modification of placement was not in J.S.'s best interest because there had been an insufficient pattern of visitation. The circuit court instead ordered weekly unsupervised visitation with the grandmother along with the requirement that she submit to random monthly drug screens.

---

[1]J.S. has cerebral palsy and, as a result, has special needs that require daily therapy.

[2]The birth mother alleged that the grandmother had a substance abuse issue and that the grandmother abused her (the birth mother) when she was a child.

In March 2014, the Department of Children and Families (DCF) served a notice of hearing for judicial review along with the social study/case plan update. In the case plan update, the case manager again recommended that J.S. be placed with the grandmother. At the hearing, the case manager opined that it was DCF's position that J.S. should be placed with the grandmother. The circuit court treated this statement as an ore tenus motion to modify placement. No witnesses were sworn. However, the case manager reported positively on the status of the grandmother's visitation with J.S. and noted that the grandmother had passed all of the random drug screens. Counsel for J.S.'s birth mother explained that the birth mother had changed her mind and now supported the placement of J.S. with the grandmother; the only explanation provided was that the birth mother and the grandmother had repaired their relationship. The GAL objected to a modification of placement until the court had received J.S.'s comprehensive assessment. However, without addressing whether a modification of placement was in J.S.'s best interest, the trial court orally ordered that J.S. be placed with the grandmother.

The GAL then filed a motion for rehearing, arguing that it had not been aware that the hearing would address a modification of placement and that the GAL therefore wanted the opportunity to present evidence on the issue of whether the grandmother could meet J.S.'s special needs and the issue of J.S.'s bond with the foster parents. The GAL argued that the circuit court erred by ordering the modification without considering J.S.'s best interest. The circuit court denied the motion and denied a motion for stay. The GAL sought and obtained a stay of the order in this court pending the outcome of this proceeding.

II.        Analysis

In its petition, the GAL argues that the circuit court departed from the essential requirements of law by failing to determine whether the modification of placement was in J.S.'s best interest.  The GAL maintains that this error will result in irreparable harm due to J.S.'s special needs and his current placement in a long-term, stable environment.

In response, DCF asserts that section 39.522(1), Florida Statutes (2013), while requiring the circuit court to consider the child's best interest, does not mandate that a circuit court make an express finding on that factor.  However, DCF concedes that there is no indication either in the circuit court's oral ruling or in the written order that the circuit court did, in fact, consider J.S.'s best interest prior to modifying his placement.

Section 39.522(1) provides that "[t]he standard for changing custody of the child shall be the best interest of the child."  A circuit court departs from the essential requirements of the law where it fails to consider the child's best interest before modifying placement.  See Guardian Ad Litem Program v. R.A., 995 So. 2d 1083, 1084 (Fla. 5th DCA 2008); see also I.B. v. Dep't of Children & Families, 876 So. 2d 581, 586 (Fla. 5th DCA 2004) (concluding that trial court erred by refusing to consider child's best interest before changing placement from foster parents to relatives).

Our review of the transcript from the March 2014 hearing reflects that the circuit court failed to make any findings related to J.S.'s best interest.  Further, the written order fails to include a finding that modifying J.S.'s placement by removing him from the care of the foster parents and placing him with the grandmother was in his best

interest.  There is simply nothing before us which evidences the circuit court's consideration of that statutory factor.  Consequently, we must grant the GAL's petition.

Petition granted; order quashed.

KHOUZAM and SLEET, JJ., Concur.