HATCHETT, Justice.
This cause is before the court on direct appeal from an order entered in the Circuit Court of Dade County, Florida, upholding the constitutionality of section 708.10, Florida Statutes (1977). We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution. We affirm the ruling of the trial court.
Respondent, Public Health Trust of Dade County, Florida, operates Jackson Memorial Hospital. The Trust brought an action against petitioners, Charlotte and Edmond Fieldhouse, husband and wife, and Liberty National Insurance Company, a foreign corporation, to collect unpaid hospital bills incurred due to the treatment of Charlotte Fieldhouse. In Count II of that complaint, a claim was made against Edmond Field-house based solely on his obligation to supply the necessities of his wife.
In their answer, the Fieldhouses asserted affirmative defenses and counterclaimed for a declaratory judgment that the action against Edmond Fieldhouse was unconstitutional. Their specific claim was that section 708.10, Florida Statutes, violated article I, section 2, and article X, section 5 of the Florida Constitution, as, well as the equal protection clause of the fourteenth amendment to the United States Constitution, when interpreted in light of the common law duty of a husband to support his wife, because the statute enables a creditor of the wife to bring a direct action against her husband for necessities, while a wife has no corresponding legal responsibility to her husband or his creditors for the husband’s necessities.
Article X, section 5, Florida Constitution, provides: “There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal.”
Article I, section 2, Florida Constitution, affirms that “All natural persons are equal before the law.” The fourteenth amendment to the United States Constitution prohibits any state from depriving “. any person of . the equal protection of the laws.”
Chapter 708, Florida Statutes, is entitled the Married Women’s Property Act, and provides generally that married women shall have the same rights to own property, make contracts, and sue and be sued as those enjoyed by an unmarried woman. Section 10 of that act states inter-alia: “This law shall not be construed as: (1) Relieving a husband from any duty of supporting and maintaining his wife and children.” The trial judge upheld the constitutionality of the statute by stating:
*478 This court holds that F.S. 708.10 and the common law duty of a husband to support his wife are valid and do not violate Article X, Section 5, and Article I, Section 2 of the Florida Constitution and the equal protection clause of the Fourteenth Amendment to the federal constitution, and therefore, that the defendant-husband is liable for his wife’s hospital bills solely by virtue of the marriage.
The appellants argue that this statute is unconstitutionally discriminatory. We disagree. It is not our duty to envision theoretical combinations of factors which, if present, might render a statute unconstitutional. Rather, it is our responsibility to examine the facts as they exist and resolve all doubts as to the validity of a statute in favor of its constitutionality. Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla.1976). Because this statute does not create a duty on the part of the husband to support his wife, and does not relieve a wife of any duty which she may have to support her husband, it is not discriminatory in any fashion. The statute merely states that chapter 708 shall not be construed as relieving a husband of any duty of supporting his wife and children he may otherwise have. Rather than imposing affirmative duties, section 10 merely concerns itself with the ambit of the Married Women’s Property Act and describes, in one instance, what the act does not do: We therefore hold the statute constitutional.
Accordingly, the order of the trial court is affirmed.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.