595 So.2d 122 (1992)
PREMIER INDUSTRIES and Sentry Claims Service, Appellants,
v.
Carol D. MEAD and Northbrook Property and Casualty Company, Appellees.
No. 91-2153.
District Court of Appeal of Florida, First District.
February 11, 1992.
*123 Thomas McDonald, Orlando, for appellants.
Phares Heindl, Lake Mary, for appellee, Carol Mead.
Elizabeth C. Wheeler, Orlando, for appellee, Northbrook Property and Cas. Co.

ON SUGGESTION TO STRIKE ANSWER BRIEF
PER CURIAM.
This is an appeal to review a workers' compensation order. Carol D. Mead, the claimant and appellee in this appeal, has filed a suggestion to strike the answer brief filed by Northbrook Property and Casualty Company, one of the carriers for the employer. Claimant contends that, since Northbrook's position in the tribunal below and in its brief on appeal is aligned with that of the appellants, Premier Industries, the employer, and Sentry Claims Service, another carrier, and since Northbrook did not file a notice of joinder in appellants' appeal, the argument in its answer brief is impermissible and should be struck. We agree and strike the brief.
The employee filed a claim for benefits against Premier and Sentry. Sentry controverted the claim and filed a notice of controversy naming Northbrook Property and Casualty as the carrier that provided coverage when the injury allegedly occurred. Northbrook appeared below and was joined in the proceeding by order dated January 3, 1991. Northbrook participated in the taking of depositions and discovery and attended the merits hearing where its *124 attorney cross examined witnesses and offered exhibits. The parties stipulated that the controversy between Sentry and Northbrook would be continued until the judge had ruled in the case in chief and that the controversy between carriers would not delay the client's benefits, as Sentry would pay all benefits awarded without prejudice to its right to seek contribution and apportionment from Northbrook.
The order of the Judge of Compensation Claims, rendered on May 31, 1991, authorized medical care, determined entitlement to an attorney's fee, and directed that the employer/carrier pay temporary total disability benefits, wage loss benefits, medical bills, and costs to the claimant. Premier Industries and Sentry Claims filed a timely notice of appeal from this order. Although served with a copy of the order, Northbrook did not file a notice of appeal or cross appeal, see rule 9.110, Fla.R.App.P., and rule 4.160, Fla.W.C.R.P., nor did Northbrook file a notice of joinder as an appellant as prescribed in rule 9.360(a), Fla. R.App.P.
After the record was filed, Premier and Sentry filed a 48-page initial brief and claimant filed her answer brief in response thereto. Five days before claimant filed her brief, Northbrook filed its 49-page "Answer Brief" arguing in four points why the appealed order should be reversed. Claimant then filed the instant suggestion to strike.
Northbrook has responded to the suggestion, stating that it was named in the docketing statements as a real party in interest, had been furnished with a copy of the record, and is an appellee in this proceeding. Northbrook argues that unless allowed to appear and file the answer brief, it will have no opportunity to be heard on the compensability issue. It requests in the alternative, should the court conclude that Northbrook cannot file an answer brief, that its brief be accepted as an amicus brief.
The claimant's suggestion to strike is well taken for the following reasons. Rule 9.020(f) defines the parties to an appellate proceeding. An appellant is a party who seeks to invoke the appeal jurisdiction of a court. Rule 9.020(f)(1). An appellee is defined as every party in the proceeding in the lower tribunal other than an appellant. Rule 9.020(f)(2). The committee notes to this rule explain that, "[t]he term `appellee' has been defined to include the parties against whom relief is sought and all others necessary to the cause." Rules 9.110 and 4.160 authorize a party aggrieved by a final order to obtain appellate review thereof by filing a notice of appeal or cross appeal. Rule 9.360(a) directs that "[a] party to the cause in the lower tribunal who desires to join in a proceeding as a petitioner or appellant shall file a notice to that effect within 10 days of service of the petition or notice or within the time prescribed by Rule 9.110(b), whichever is later." The evident scheme and purpose of these rules, read in pari materia, is to align all parties contesting an order on appeal as appellants and to align all parties supporting or not contesting the order as appellees. These rule provisions are mandatory and failure of a party to comply therewith constitutes a waiver of the right to attack the validity of the order being reviewed on appeal.
Because Northbrook failed to invoke the appellate jurisdiction of this court by filing a notice of appeal, notice of cross appeal, or notice of joinder in the appeal by Premier and Sentry, it has remained an appellee and is not authorized to use its status as such to argue positions as an aggrieved party in derogation of the appealed order. To so permit would violate the clear purpose of the cited provisions of the rules governing appellate practice and would prejudice the claimant, who was unaware that Northbrook sought to challenge the lower tribunal's award until receiving its answer brief. Under the rules, claimant is indisputably an appellee and is not authorized to respond to another appellee's answer brief. Clearly, claimant would be prejudiced by permitting Northbrook to challenge the validity of the appealed order in an answer brief to which claimant is not *125 authorized to respond.[1]
Northbrook's request that it be treated as an amicus curiae likewise is not well taken. An amicus curiae, although having a general interest in a proceeding, is not bound by the decision of the court. See generally, 39 Fla.Jur.2d, Parties § 4 (1982). An amicus curiae serves as friend of the court to offer its views on a particular issue pending, but is not directly affected by the outcome of a proceeding. It is clear that Northbrook has a direct interest in the outcome of this appeal. In addition, the applicable appellate rule states that "an amicus curiae brief shall be served within the time prescribed for briefs of the party whose position is supported." Rule 9.370, Fla.R.App.P. The time for filing the initial brief in support of appellant is past.
The answer brief filed by Northbrook is ordered stricken. Northbrook's request for amicus curiae status in support of appellant is denied.
JOANOS, C.J., and ZEHMER and WOLF, JJ., concur.
NOTES
[1] We additionally note that, the parties having stipulated that the proceeding below leading to the appealed order would be limited to disputed issues between the claimant and the employer, regardless of which carrier would ultimately be responsible for part or all of the award, Northbrook's attorney should have collaborated with the attorney for the employer and Sentry and then filed a single brief on behalf of appellants setting forth all arguments challenging the order. After all, it is the employer that is responsible for payment of the benefits to claimant, regardless of which carrier actually makes the payment on the employer's behalf. For each of these carriers to file separate 48-page briefs addressing the same issues on appeal constitutes an abuse of appellate procedure and an unnecessary imposition on this court's judicial responsibility to read all briefs.