852 So.2d 372 (2003)
S.L., Father of M.L. and S.P.L., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D02-2593.
District Court of Appeal of Florida, Fifth District.
August 15, 2003.
*373 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Jodi Abramowitz, Orlando, for Appellee.
THOMPSON, J.
S.L. ("father") appeals the trial court's placement of his children, M.L. and S.P.L., in the joint custody of the mother and the maternal grandparents. We affirm.
The children were removed from the parents because of severe violence between the mother and the father in the presence of the children. In August 2001, the children were adjudicated dependent and placed with the maternal uncle. Both parents are mentally challenged, and each parent was provided a case plan. The mother completed her case plan and moved for reunification. At that time, the father lacked eight weeks to complete his case plan. The trial court denied reunification with the mother and decided that placement would be determined at a review hearing on 28 May 2002. At the 28 May hearing, the trial court denied the mother's motion for reunification because the court found that she could not effectively parent. The trial court stated that it would make a placement determination after the father completed his case plan. At the guardian ad litem's recommendation, the trial court placed the children with the maternal grandparents and the mother.
Another review hearing was held on 5 August 2002. At the hearing, the guardian ad litem recommended that the children remain with the mother and the maternal grandparents. The guardian ad litem stated that there was safety in numbers and that the mother would have the help of the maternal grandparents and the mother's aunt and uncle. The guardian ad litem stated that the father did not have as many people to assist him. The trial court stated that based on the parents' psychological reports, it was not sure the children should be reunited with either parent and it did not think the mother was capable of full-time parenting.
After testimony, the trial court ruled that it was inclined to follow the recommendations of the guardian ad litem and the department that the children be placed jointly with the mother and the maternal grandparents, with unsupervised visitation for the father. When asked whether this was a long-term placement, the trial court replied that it was not long-term, but would last for six months until the next scheduled hearing.
On appeal, the father contends that he was entitled to custody of the children because the parent is preferred in the law over more distant relatives. The father cites Hammond v. Howard, 828 *374 So.2d 476 (Fla. 5th DCA 2002), in which we held that "where the custody dispute is between the parents and a third person, the rights of the parents are paramount unless there is a showing that the parents are unfit or that, for some substantial reason, custody in either or both of the parents would be detrimental to the child's welfare." Hammond has no bearing on the instant case because these children had been adjudicated dependent as to both parents. In dependency cases where the issue is whether a child should be reunited with a parent, the court must determine whether the parent has substantially complied with the terms of the case plan to the extent that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the return of the child to the home. § 39.522(2), Fla. Stat. Further, even if the stated rule in Hammond applied in this case, the trial court had the discretion to place the children with the grandparents "if there was a showing that the parents were unfit or that, for some substantial reason, custody in either or both of the parents would be detrimental to the child's welfare." Hammond, 828 So.2d at 478.
Additionally, the trial court has many options for placing a dependent child, and placement can include the protective supervision of the department in the home of one or both of the parents or with a relative. L.F. v. Department of Children and Family Services, 837 So.2d 1098, 1101-1102 (Fla. 4th DCA 2003); § 39.521(1)(b)3, Fla. Stat. "Grandparent" is included in the definition of "relative." § 39.01(48), Fla. Stat. In the instant case, the department had stated, at a previous hearing, that placing the children with the father would require only weekly visits from the department to ensure the safety of the children. However, the trial court had valid concerns regarding the children's safety if placed with the father, and it acted within its discretion by denying placement of the children with the father at that time. See B.D.E. v. Department of Children and Family Services, 829 So.2d 359 (Fla. 1st DCA 2002) (affirmance is required where trial court, is on objectively reasonable grounds, less than satisfied that reunification will not be detrimental to the child's safety, well-being, and physical, mental, and emotional health).
AFFIRMED.
PALMER and TORPY, JJ., concur.