906 So.2d 1226 (2005)
In the Interest of M.A., N.S. and S.S., Children; Guardian Ad Litem Program, Fourth Judicial Circuit, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D04-5687.
District Court of Appeal of Florida, First District.
July 21, 2005.
Thomas Wade Young, Statewide Guardian Ad Litem Office, Orlando, for Appellants.
Judith Levine, Assistant General Counsel, State of Florida, Department of Children and Families, Tallahassee, for Appellee.
PER CURIAM.
The Guardian ad Litem appeals the trial court's order placing three dependant children, M.A., N.S., and S.S., in the custody of their relatives in Massachusetts. The Guardian ad Litem argues that (1) the trial court utilized an erroneous preference for relatives in determining that the children, who had previously been adjudicated dependant and placed with a foster family, should be placed with the relatives and (2) even if the trial court did utilize the correct standard, the trial court erred in finding that placement with the relatives was in the best interests of the children. We disagree and, therefore, affirm the trial court's order.
After the trial court ruled that the children would be placed with relatives, the Guardian ad Litem moved for rehearing arguing, in part, that there was no preference in the law for the placement of the children with relatives at this stage in the proceedings. In ruling on the motion, the trial court specifically stated that it did not apply any such arbitrary preference for the relatives. Rather, the trial court stated, *1227 as it had at the hearing, that its decision was based upon the relatives' home study and their testimony, including testimony that siblings of the children lived in the same city in Massachusetts with other relatives.
There is competent substantial evidence in the record to support the trial court's findings that it was in the children's best interests to place them with their relatives, and thus, we cannot say that the trial court abused its discretion in ordering the change in custody. See In the Interest of K.H., 320 So.2d 868, 868 (Fla. 4th DCA 1975); see also Zediker v. Zediker, 444 So.2d 1034, 1038 (Fla. 1st DCA 1984) (reviewing the trial court's factual findings concerning the best interests of the children in a custody dispute for competent substantial evidence); V. v. Dep't of Health & Rehabilitative Servs., 427 So.2d 1082, 1083 (Fla. 1st DCA 1983) (reviewing the trial court's ultimate grant of permanent custody to the foster parents for an abuse of discretion).
The argument of the Department of Children and Families, here the appellee, that the trial court violated the Interstate Compact on the Placement of Children is not proper because the Department did not raise an objection below and did not appeal or move for joinder as an appellant. See Premier Indus. v. Mead, 595 So.2d 122, 123, 124 (Fla. 1st DCA 1992) (stating that a party who neither appealed the order nor moved for joinder as an appellant and who is aligned with the appellant's position may not argue for reversal).
AFFIRMED.
BARFIELD, PADOVANO and POLSTON, JJ., concur.