FULMER, Judge.
Appellant D.M., the maternal grandmother of the minor child K.M., appeals from an order placing K.M. with her father, Appellee T.W. (“the Father”), pursuant to section 39.521(3)(b), Florida Statutes (2006). Because we conclude that the grandmother has no standing to appeal, we dismiss the appeal.
The trial court adjudicated K.M. dependent as to her mother and, in January-2005, placed K.M. with the grandmother and a maternal aunt. At that time, the whereabouts of the Father were unknown; K.M. was not adjudicated dependent as to him. Shortly thereafter, however, contact was made with the Father, who requested custody of K.M. Custody was denied. The Father appealed, and this court reversed, ordering the trial court to reconsider the matter in accordance with the requirements of section 39.521(3)(b).[1] See In re K.M., 946 So.2d 1214 (Fla. 2d DCA 2006).[2] On remand, the trial court conducted a hearing over two days, finding that “there was insufficient evidence introduced to meet the standard] of compelling evidence endangering the health, safety or well[-]being of [K.M.] if placed with [the Father]” and ordering that the grandmother immediately surrender custody of K.M. to the Father.
The grandmother has appealed. We issued an order to show cause why the appeal should not be dismissed for lack of standing, noting that the grandmother was expressly denied party status below when she attempted to intervene. In her response to our order, the grandmother contends that, because she was K.M.’s legal custodian before the child was transferred to the Father, Florida Rule of Appellate Procedure 9.146(b) allows her to appeal:
Who May Appeal. Any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding affected by an order of the lower tribunal, or the appropriate state agency as provided by law may appeal to the appropriate court within the time and in the manner prescribed by these rules.
Fla. R. App. P. 9.146(b).[3]
Section 39.510(1) provides that “[a]ny party to the proceeding who is affected by *213 an order of the court, or the [Department [of Children and Families] may appeal to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure.” The statutory definition of party, however, does not include “legal custodian”:
“Party” means the parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program when the program has been appointed, and the child.
§ 39.01(50). Rather, a legal custodian is included under the rubric of “participant,” which is a status separate from that of “party.” See § 39.01(49) (defining “participant”). “Participants” are not included in the list of entities that may appeal a dependency action. § 39.510(1).
On its face, rule 9.146(b) contradicts section 39.510(1), which does not list “legal custodian” as an entity that may appeal and provides for appeals only by “any party.” Furthermore, the phrase “any other party” in rule 9.146(b) implies that legal custodians are a specific category of party, but this contradicts the definition of “party” in section 39.01(50), which does not include legal custodians. It appears to us that the rule, promulgated in 1996, see Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla. 1996), reflects the version of chapter 39 in effect at that time but has not been updated to remain consistent with statutory amendments. The earlier version of the statute read: “Any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate district court of appeal. ...” § 39.413, Fla. Stat. (1995) (em, phasis added). This provision was amended and renumbered as section 39.510 and then further amended to delete “legal custodian.” See ch. 98-403, § 72, Laws of Fla. (renumbering section 39.413 as section 39.510; effective October 1, 1998); ch. 99-193, § 34, Laws of Fla. (amending section 39.510 from “Any child, parent, guardian ad litem, caregiver, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court ... may appeal” to “Any party to the proceeding who is affected by an order of the court ... may appeal”; effective July 1, 1999); see also ch. 99-193, § 4, Laws of Fla. (deleting “legal custodian” from the definition of “party” and adding “the legal custodian of the child” to the definition of “participant” in section 39.01).
Because “[a] statute conferring a right to appeal upon a litigant relates to a substantive, rather than a procedural right,” State v. Kelley, 588 So.2d 595, 597 (Fla. 1st *214 DCA 1991) (citations omitted), we conclude that section 39.510(1) supersedes rule 9.146(b) such that the grandmother does not have standing to appeal the order of the trial court placing K.M. with the Father. See also Hines v. State, 931 So.2d 148, 150 (Fla. 1st DCA 2006) (noting that “[w]hen a statute confers a substantive right, a conflicting procedural rule is invalid as a violation of separation of powers under article II, section 3 of the Florida Constitution because a rule of procedure cannot enact substantive law”). We are therefore compelled to dismiss the grandmother’s appeal.
Dismissed.
NORTHCUTT, C.J., and ALTENBERND, J., Concur.

. Section 39.521(3) reads as follows, in pertinent part:
(3) When any child is adjudicated by a court to be dependent, the court shall determine the appropriate placement for the child as follows:
(a) ...
(b) If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child....

. Additional background details may be found in this opinion.

. Based on our review of the record, it would appear that the grandmother was K.M.'s "legal custodian” in the sense that she was granted "temporary legal custody” of K.M. pursuant to the dependency disposition option listed in section 39.52 l(3)(c), which reads, in pertinent part:
*213 If no fit parent is willing or available to assume care and custody of the child, [the court may] place the child in the temporary legal custody of an adult relative or other adult approved by the court who is willing to care for the child, under the protective supervision of the department.
We note that, although both "legal custody” and “temporary legal custody” are defined in the statute, see § 39.01(34), (73), there appears to be no provision in chapter 39 that delineates the circumstances under which "legal custody” is actually granted. Only "temporary legal custody” is granted. See, e.g., § 39.521(3)(c), (d). Furthermore, although the term "legal custodian” is used throughout chapter 39, usually in conjunction with "parent,” see, e.g., §§ 39.01(1) (definition of “abandoned”), 39.201(l)'(a) (requirement for reporting child abuse,, etc.), 39.402(1) (criteria for placing a child in shelter), the term is not defined in chapter 39. It appears to cover wider ground than persons granted "legal custody.” Cf. § 39.01(9), Fla. Stat. (1971) (earlier version of statute, defining "legal custodian” as “the legal guardian of a child, or the person who stands in loco parentis to and has the custody of a child”).