994 So.2d 1153 (2008)
R.H. and B.H., Appellants,
v.
DEPT. OF CHILDREN AND FAMILY SERVICES, et al., Appellees.
No. 3D08-623.
District Court of Appeal of Florida, Third District.
July 23, 2008.
*1154 Karl E. Hall, Jr., Miami, for appellants.
Karla Perkins, for Department; Hillary Kambour, for The Guardian Ad Litem Program; Alan I. Mishael, Miami Beach, for G.O., appellees.
Before GREEN, SHEPHERD, and LAGOA, JJ.
SHEPHERD, J.
Appellants, R.H. and B.H., seek to appeal an order modifying placementpursuant to section 39.812, Florida Statutes (2007), and Florida Rule of Juvenile Procedure 8.345(a)of G.O., their granddaughter, who thus far has resided with R.H. and B.H. with both Department of Children and Families' (DCF) and court sanction for nearly all three short years of G.O.'s life. The order places G.O. in the temporary legal custody of her paternal aunt and uncle, where G.O.'s older brother, J.O., resides. The parental rights of both the father and the mother of these siblings have been terminated. The respective final judgments of termination of parental rights for each parent placed the children in DCF custody for the purpose of interim management of their needs and care. We find the grandparents lack standing to challenge the order on appeal.
This proceeding began as a dependency proceeding to adjudicate both G.O. and J.O. dependent as to both their mother, M.R., and father, J.O., which ultimately resulted in the termination of both parents' rights to their children for the parents' failure to comply with the requirements of the dependency. G.O.'s grandparents, R.H. and B.H., were not parties to the proceeding below. See § 39.01(50), Fla. Stat. (2007) (limiting the definition of a "party" under Chapter 39 to "the parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program when the program has been appointed, and the child"). Section 39.815(1), Florida Statutes (2007), limits appeals after the termination of parental rights to "[a]ny child, any parent or guardian ad litem of any child, any other party to the proceeding who is affected by an order of the court, or the department...." Appellants R.H. and B.H. have acknowledged their lack of party status during proceedings below through numerous filings identifying themselves as "participants."[1]
*1155 Our sister court recently reiterated in C.M. & F.M. v. Department of Children & Families, 981 So.2d 1272, 1272 (Fla. 1st DCA 2008), that in termination of parental rights proceeding, individuals who "were not parties to the proceedings below," lack standing to bring an appeal. See also D.M. v. State, Dep't of Children & Family Servs., 980 So.2d 498, 498 (Fla. 2d DCA 2008) (stating that where D.M. acknowledged she was a "participant" rather than a "party" in the proceeding on appeal, D.M. lacked standing to bring appeal). In the case before us, because the grandparents were participants in and not parties to the proceedings below, we have no choice but to dismiss the appeal for lack of standing.
Appeal dismissed.
NOTES
[1] See K.M. v. Dep't of Children & Families, 978 So.2d 211, 212 n. 3 (Fla. 2d DCA 2008):

Based on our review of the record, it would appear that the grandmother was K.M.'s "legal custodian" in the sense that she was granted "temporary legal custody" of K.M. pursuant to the dependency disposition option listed in section 39.521(3)(c), which reads, in pertinent part: If no fit parent is willing or available to assume care and custody of the child, [the court may] place the child in the temporary legal custody of an adult relative or other adult approved by the court who is willing to care for the child, under the protective supervision of the department.