*382 ORDER OF DISMISSAL
ALTENBERND, Judge.
The father, C.V., and the paternal grandparents, M.P. and B.P., timely appeal an order entered in the dependency proceeding of the child, M.V.-B. The order, which the lower court entered after adjudicating the child dependent as to the father, maintains the child’s placement with a licensed foster care family and rejects the paternal grandparents’ request for the court to transfer placement to them. We decline to reverse or quash the challenged order and write primarily to discuss the jurisdictional issues involved in this case. We conclude that we have no appellate jurisdiction over this nonfinal order and no basis to grant relief as a matter of common law certiorari.
I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The child in this case was born in Pennsylvania where the mother resided with the paternal grandparents. At that time, the mother was only fourteen years old and, thus, was a child herself. Shortly after the infant’s birth, the mother and child moved to Florida without the father.
When the mother moved to Florida, she lived with her parents. The first reports of child abuse in this case concerned alleged abuse of the mother by her father. As a result of those reports, law enforcement authorities detained the mother as a juvenile for an incident of domestic violence against her father. Eventually the State became concerned for the welfare of the child, and a child protective investigator with the Pasco County Sheriffs Office filed an initial petition for dependency in March 2006, when the child was approximately two years old.
When the sheriffs office filed the initial petition, the investigator did not know the whereabouts of the child’s father and he was not joined in the action. The petition resulted in an order withholding adjudication and allowing the child to remain with the mother while she worked on her case plan.
The father’s family became aware of this situation and apparently moved to Florida in mid-2007. On an informal basis and without a court order, they cared for the child on weekends and occasionally for longer periods.
In January 2008, the mother tested positive for cocaine. The State filed an emergency motion for shelter. As a result, the court ordered the child’s removal from the mother and placement in the care of the Department of Children and Family Services (“the Department”). The order gave the Department discretion to place the child with the paternal grandparents; however, the Department never placed the child with them.
In March 2008, the child protective investigator filed an amended petition for dependency. This time the investigator named the father in the petition along with the mother. The court entered an adjudication of dependency as to the father, reflecting that he had consented to the dependency proceeding. The child was not adjudicated dependent as to the mother. However, the court order required the child to remain in foster care. No one appealed this order.
The Department filed a typical permanency review social study report in late March 2008. The report indicated that the father was incarcerated and would remain in prison until sometime in 2010. It described a one-hour visit between the child and the paternal step-grandmother where the child appeared to be “very bonded” to the grandmother. A report from the Guardian ad Litem (GAL) reflected that *383 the child was “flourishing” in its current foster care placement.
On June 10, 2008, the trial court entered the order that the parties challenge in this appeal. That order is entitled “Order Approving Status Review, Order Denying Placement Of Child (with paternal grandfather and step-grandmother) and Order Denying Mother’s Motion for Visitation.” As to the grandparents’ request that they have placement of the child, the order reflects that the trial court determined that they were statutorily eligible for placement, but that neither the Department nor Safe Children Coalition of Pasco County recommended such a placement. The order also reflects that the GAL believed that foster care was in the best interest of the child, in part, because the Department was working on a plan to place the child with a maternal aunt.
The grandparents appealed this nonfinal order within thirty days of its rendition. This court issued a standard order informing them that the appeal would proceed under the procedures used for appeal of nonfinal orders. Thereafter, the attorney for the grandparents filed an amended notice of appeal adding the father as an appellant. The GAL has been the most active appellee in this case. The GAL has challenged the grandparents’ standing to bring the appeal and this court’s jurisdiction to consider the appeal as filed by the father.
The brief filed by the father and grandparents is supported by an appendix that includes only the challenged order and a section entitled, “Complete Criminal Record of M.P. from the First Judicial District of Pennsylvania.” It is unclear to us whether the criminal records pertaining to the grandfather were ever filed in the dependency proceeding. Our statement of the case and facts is based on the appendix provided by the GAL. We have no transcripts of any hearings, and if the grandparents filed motions seeking placement, they are not in our record.
II. DISCUSSION
This court has previously held that grandparents in this context are not parties and do not have standing to appeal such an order. D.M. v. Dep’t of Children & Families, 978 So.2d 211 (Fla. 2d DCA 2008). We follow that holding in this case. We recognize that grandparents have been given certain statutory rights in dependency proceedings. See § 39.509, Fla. Stat. (2007). Likewise, a grandparent can be a proper placement for a child who is the subject of a dependency proceeding. See § 39.521. We do not rule out the possibility that a grandparent would have legal rights sufficient to maintain a petition for writ of certiorari if the trial court departed from the essential requirements of the law as to the grandparents’ rights, but no such departure is alleged in this appeal. This case actually involves an attempt to change custody of the child postdisposition under section 39.522, and the grandparents cannot even demonstrate that any interested party filed a petition to change custody under that statute. Accordingly, we dismiss the appeal as filed by the grandparents.
As to the appeal filed by the father, we assume only for purposes of this discussion that he could file an effective amendment to the notice of appeal adding himself as an appellant after the expiration of thirty days, even if the grandparents had no right to file the notice. See Fla. R.App. P. 9.040(c) & (d); 9.360(a); Telepower Commc’ns, Inc. v. LTI Vehicle Leasing Corp., 658 So.2d 1026 (Fla. 4th DCA 1995). Assuming the father’s joinder in the appeal provides this court with at least suffi *384 cient jurisdiction to determine our jurisdiction, the question is whether this court has jurisdiction to review a nonfinal order in a dependency proceeding that declines to change the current placement of the child. We conclude that we do not and that our review is limited to that provided by common law certiorari.
We recognize that similar issues have been reviewed and affirmed in at least two appeals in other districts where the issue of jurisdiction is not discussed. See M.A. v. Dep’t of Children & Families, 906 So.2d 1226 (Fla. 1st DCA 2005); S.L. v. Dep’t of Children & Families, 852 So.2d 372 (Fla. 5th DCA 2003). Likewise, it would appear that a parent may have the ability to challenge the initial placement of the child when that decision is included within the dependency order. See, e.g., B.C. v. Dep’t of Children & Families, 864 So.2d 486 (Fla. 5th DCA 2004).
This court has previously held that non-final orders entered in termination of parental rights proceedings are generally not appealable and that review of such orders is limited to the review provided by common law certiorari. See D.K.B. v. Dep’t of Children & Family Servs., 890 So.2d 1288 (Fla. 2d DCA 2005). A dependency proceeding, however, is procedurally distinct from a termination proceeding.
The order adjudicating dependency is appealable as a final order. See § 39.510, Fla. Stat. (2007); A.G. v. Dep’t of Children & Family Servs., 731 So.2d 1260, 1262 (Fla.1999); G.L.S. v. Dep’t of Children & Families, 724 So.2d 1181, 1182 (Fla.1998). Section 39.510 allows a party who is affected by “an order of the court” to appeal the order. However, the legislature cannot authorize nonfinal appeals and this statute only permits appeals from final orders. See art. V, § 4(b), Fla. Const. (1968); State v. Smith, 260 So.2d 489 (Fla.1972) (holding a statutory provision authorizing nonfinal appeals unconstitutional). Further, the supreme court is the sole branch of government with the power to authorize, by rule, an appeal of a nonfinal order to a district court of appeal. Id.
The only rule that arguably permits an appeal of the nonfinal order that the father wishes to challenge in this case is Florida Rule of Appellate Procedure 9.130(a)(4). This rule permits appeal of a nonfinal order entered “after final order” when the nonfinal order does not suspend rendition. Because the order on appeal in this case clearly does not suspend rendition, the dis-positive issue is whether it is entered “after final order” for purposes of this rule.
“Final order” is not defined within the appellate rules. Usually, a final order is an order that concludes normal proceedings within the trial court. See generally Canfield v. Cantele, 837 So.2d 371, 375 (Fla.2002) (defining final judgment as an order that “ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary”). After a final judgment in a civil case or a judgment and sentence in a criminal case, the work of the trial court is normally finished. By contrast, the work of a dependency court is just getting started when it enters an order adjudicating a child dependent.
There certainly are valid reasons for treating a few orders as final orders for purposes of appeal pursuant to rule 9.110 even though they do not actually end proceedings in the trial court. These orders tend to make final determinations as to important rights of the parties or, in the case of an order granting new trial, vacate *385 otherwise final vested rights of the parties. We are unconvinced, however, that, in the context of rule 9.130(a)(4), the supreme court used the phrase “final order” to include an order of dependency that contemplates ongoing proceedings with many hearings and countless orders. See Dep’t of Children & Family Servs. v. Heart of Adoptions, Inc., 947 So.2d 1212, 1217, (Fla. 2d DCA 2007) (explaining that appellate courts lack jurisdiction to review a trial court’s nonfinal order in dependency proceedings under rule 9.130(a)(4)); Dep’t of Health & Rehabilitative Servs. v. Honeycutt, 609 So.2d 596 (Fla.1992) (holding that dependency proceedings are not within the definition of “domestic relations” for the purpose of appeals from nonfinal orders under rule 9.130). Dependency proceedings are actually concluded by an order terminating supervision or jurisdiction. See rule 8.345(b); form 8.972.
Accordingly, we hold that the orders entered in dependency proceedings after the entry of the order adjudicating dependency and before an order terminating supervision or jurisdiction are not ap-pealable pursuant to 9.130(a)(4). When appropriate, such orders may be challenged by common law certiorari.[1] See C.B. v. Dep’t of Children & Families, 975 So.2d 1158 (Fla. 5th DCA 2008) (treating mother’s appeal from postdisposition dependency orders as a petition for writ of certiorari). In this case, the father has argued nothing that would suggest that certiorari would provide a possible remedy. Accordingly, we dismiss the father’s appeal.
Appeal dismissed.
CASANUEVA and LaROSE, JJ., Concur.

. This court is aware of current efforts to amend rule 9.146 to address the ability of parties within dependency proceedings to appeal certain postdisposition nonfinal orders. The current draft of the proposed rule enumerates appealable nonfinal orders. Among the list are nonfinal orders that "require or approve a change of placement into, out of, or within foster care.” See Florida Supreme Court, In re: Implementation of Commission on District Court of Appeal Performance and Accountability Recommendations, SC08-1724, http://www.floridasupremecourt.org/ clerk/comments/2008/08-1724_0715 08_ Petition.pdf (last visited Feb. 25, 2009).