MORRIS, Judge.
Z.G., the father of T.G., petitions for a writ of certiorari directed at the trial court’s order of supplemental adjudication of dependency. Z.G. also petitions for cer-tiorari review of a separate order which denied Z.G.’s motion for visitation. We deny the petition as to the dependency adjudication without further comment.
*981 As to the visitation issue, we dismiss that portion of the petition for lack of jurisdiction. The order which denied Z.G.’s motion for visitation was rendered November 20, 2009. Although it was a nonfinal, nonappealable order as to Z.G., Z.G. could and should have sought certio-rari review within thirty days from the date of that order. See C.V v. Dep’t of Children & Family Servs., 19 So.3d 381, 384-85 (Fla. 2d DCA 2009) (holding that this court did not have jurisdiction to review a nonfinal order in a dependency proceeding that declined to change placement of the child and that in such a case, this court’s review is limited to that provided by common law certiorari).
We also note that the November 2009 order did not completely foreclose visitation. Instead, the trial court denied Z.G.’s motion without prejudice and specified that the Department of Children and Family Services would “have the discretion to allow [Z.G.] to have 1-hour per week supervised visitation with [T.G.] if [Z.G.] is making efforts on his [c]ase [p]lan tasks.”
Denied in part; dismissed in part.
NORTHCUTT and WALLACE, JJ., Concur.