SUAREZ, J.
The Appellant, A.D., as the father of Ke.Q., seeks to reverse the trial court’s final judgment terminating the parental rights of Ke.Q.’s mother. The Appellant argues that he was denied due process when the trial court refused to appoint counsel for him at the Mother’s termination of parental rights proceedings and as a result, he was also denied his right to be heard at her trial.
Florida Rule of Appellate Procedure 9.146 permits “any parent ... to the proceeding affected by an order of the lower tribunal” to appeal the final judgment. (Emphasis added). “[I]ndividuals who were ‘not parties to the proceedings below,’ lack standing to bring an appeal.” *14 R.H. v. Dep’t of Children & Family Servs., 994 So.2d 1153, 1155 (Fla. 3d DCA 2008) (quoting C.M. v. Dep’t of Children & Families, 981 So.2d 1272, 1272 (Fla. 1st DCA 2008)). The Appellant was not affected by the order of the lower tribunal terminating the Mother’s parental rights. Although the Appellant was a party to Ke.Q.’s dependency proceeding, he was not a party to the Mother’s termination of parental rights proceeding. Therefore, he lacks standing to seek reversal.
We dismiss the Appellant’s appeal for lack of standing.