IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STUART L. HADDAN,

     Appellant,

v.

ANN C. JENKS,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5578

Opinion filed November 9, 2016.

An appeal from the Circuit Court for Holmes County.
Christopher N. Patterson, Judge.

Kerry Adkison, Chipley, for Appellant.

Ann C. Jenks, pro se, Appellee.

WINSOR, J.

The parties to this appeal had a child together in 2002. In 2007, the father filed a petition seeking full custody, child support, and other relief. The case lingered for years until the trial court entered the 2015 final judgment we now review.

After hearing evidence, the trial court entered the judgment, giving the mother majority time-sharing and the father alternating weekends. The judgment

also required the father to pay child support and maintain health insurance for the child. The father now appeals.

A trial court's primary consideration in establishing parental responsibility must be the best interests of the child, *see* section 61.13(3), Florida Statutes (2015); *Clark v. Clark*, 825 So. 2d 1016, 1017 (Fla. 1st DCA 2002), and the trial court here did report that it "developed this time sharing plan . . . in consideration of the child's best interests, social relationships and his familiar school district." The father acknowledges that we should not disturb a trial court's decision on a child's best interests if that decision is supported by competent, substantial evidence, *see, e.g.*, *M.A. v. Department of Children and Families*, 906 So. 2d 1226, 1227 (Fla. 1st DCA 2005), but he argues that this decision was not.

The hearing was not transcribed, so the father presented no transcript. But he did submit a Statement of Evidence or Proceedings, pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). The mother did not object to the statement, and the trial court approved it. We are accordingly bound to rely on it—even if it constitutes "a very one-sided version of what occurred in the trial court." *Wollschlager v. Veal*, 601 So. 2d 274, 275 n.2 (Fla. 1st DCA 1992), *disapproved of on other grounds by Overbey v. Overbey*, 698 So. 2d 811 (Fla. 1997); *see also Jenkins v. Jenkins*, 159 So. 3d 310, 311 (Fla. 2d DCA 2015) (relying on a statement of evidence prepared by one party). Based on that statement, and

accepting it as the record of what happened below, we conclude that the trial court's judgment was not supported by competent, substantial evidence. We therefore reverse and remand for further proceedings.

REVERSED AND REMANDED.

WINOKUR and JAY, JJ., CONCUR.