969 So.2d 491 (2007)
J.M., Mother of L.T., D.T., and K.T., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D07-2156.
District Court of Appeal of Florida, Fifth District.
November 16, 2007.
*492 Micheal L. Edwards, Jacksonville, for Appellant.
Susan W. Fox of Fox & Loquasto, P.A., Tampa, Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, and Annette Pitts, Managing Attorney, Department of Children & Families, St. Augustine, for Appellee.
EVANDER, J.
J.M., the mother, appeals the trial court's order denying her motion to reopen her three children's dependency case. We affirm.
In April, 2004, the mother's oldest child committed suicide. The Department of Children and Families ("DCF") alleged that the child had committed suicide with a belt that had been repeatedly used by the mother and her new husband to beat all four of her children. At the time of the suicide, the four children were 13, 10, 9, and 6 years old.
DCF filed a petition for dependency as to the remaining three children with the primary allegation being that the children were victims of frequent and excessive corporal punishment. The stepfather, in particular, was alleged to have been cruel and abusive to the children. He also was alleged to have an extensive criminal history. The mother ultimately entered a consent plea to the petition. Her amended case plan required her, inter alia, to have individual counseling, to complete a twenty-six week batterer's intervention/anger management program, and to provide a safe home environment. As part of the case plan, the stepfather was prohibited from having any contact with the children.
In February 2006, DCF filed a motion to have the children placed in the long-term relative custody of the children's uncle and aunt. DCF alleged that the mother had failed to substantially comply with her amended case plan in that she had failed to continue her individual counseling, had failed to complete the twenty-six week batterer's intervention/anger management program, and had failed to provide proof that her home was safe. The basis of the allegation that the mother's housing situation was unacceptable was that she was still residing with the stepfather. The mother opposed the motion for long-term relative care and maintained that neither she, nor the stepfather was, or had ever been, a danger to the children.
On May 1, 2006, the trial court granted DCF's motion and the children were placed into the long-term relative custody of their uncle and aunt. The mother was granted bi-weekly supervised visitation. The stepfather was prohibited from having any contact with the children. The trial court retained jurisdiction over the case, but terminated supervision. This court affirmed the trial court's order. See J.M. v. Dep't of Children and Families, 947 So.2d 1186 (Fla. 5th DCA 2007).
Shortly after this court's affirmance, the mother filed a motion to reopen the case and a supplemental petition to modify. The trial court denied the motion to reopen, *493 finding that the mother's allegations were legally insufficient. We agree.
A long-term relative custody order is considered an order of permanency. § 39.621(2)(d), Fla. Stat. (2007). See In re K.M., 946 So.2d 1214 (Fla. 2d DCA 2006). Prior to July 1, 2006, section 39.622(4), Florida Statutes, governed a parent's request to regain custody of a child placed in long-term relative care. That section required the parent to (1) demonstrate a material change in circumstances, and (2) establish that the return of the child to the parent would be in the child's best interest.[1]
Effective July 1, 2006, section 39.622 was repealed. Newly enacted section 39.621(9) provides that a permanent placement is not to be modified unless the circumstances of the permanent placement are no longer in the child's best interest. If a parent files a motion for reunification, the court is required to hold a hearing to determine whether the dependency case should be reopened.
The permanency placement is intended to continue until the child reaches the age of majority and may not be disturbed absent a finding by the court that the circumstances of the permanency placement are no longer in the best interest of the child. If a parent who has not had his or her parental rights terminated makes a motion for reunification . . . the court shall hold a hearing to determine whether the dependency case should be reopened and whether there should be a modification of the order. At the hearing, the parent must demonstrate that the safety, well-being, and physical, mental and emotional health of the child is not endangered by the modification.
§ 39.621(9), Fla. Stat. (2007).
In her motion to reopen the case, the mother alleged she had completed her individual counseling and that the children were "desirous of living with their mother and [stepfather]." In her supplemental petition to modify, the mother further made a conclusionary allegation that she was "capable of protecting the children." On May 8, 2007, the trial court held a non-evidentiary hearing on the mother's motion to reopen the case. At the hearing, the mother did not dispute DCF's contention that the mother was still residing with the stepfather.
Although the trial court's order for long-term relative custody had prohibited any contact between the children and the stepfather, the mother failed to allege (or proffer) any facts which would support a conclusion that the stepfather was no longer a threat to harm the children. The transcript of the hearing is devoid of any suggestion that the stepfather had taken any action to modify his behavior.
Had the motion to reopen the case alleged specific facts which, if proven, would have supported an order of reunification, we would agree that the trial court was required to hold an evidentiary hearing. However, in this case, the only non-conclusionary factual allegations made by the mother was that she had completed her individual counseling and that the children were desirous of living with her and the stepfather. She made no specific factual allegations that would support a conclusion that the stepfather was no longer a threat *494 to harm the children. Given her apparent intent to continue to reside with the stepfather, we find no error in the trial court's decision to forego an evidentiary hearing.
Our decision does not prevent the mother from filing a motion to reopen the case that alleges facts sufficient to support an order of reunification.
AFFIRMED.
SAWAYA and TORPY, JJ., concur.
NOTES
[1] Section 39.622(4), Florida Statutes (2005) provided:

Each party to the proceeding agrees that a long-term custodial relationship does not preclude the possibility of the child returning to the custody of the parent at a later date if the parent demonstrates a material change in circumstances and the return of the child to the parent is in the child's best interest.