980 So.2d 578 (2008)
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES and the Guardian ad Litem Program, Petitioners,
v.
R.A., Respondent.
No. 3D08-721.
District Court of Appeal of Florida, Third District.
April 25, 2008.
*579 Karla Perkins, Miami; Hillary S. Kambour, for petitioners.
Joseph P. George Jr., Criminal Conflict and Civil Regional Counsel, Third Region of Florida, and Richard F. Joyce, Executive Assistant Regional Counsel, for respondent.
Before LAGOA and SALTER, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
By this decision, we quash an order returning two dependent children, an eleven-year-old boy and a thirteen-year-old girl, to the custody of their mother, the respondent R.A., over the objection of the Department of Children and Families.

I.
On February 15, 2008, the children were present and traumatized when R.A., who suffers from schizophrenia and bipolar disorder, attempted to commit suicide by jumping from the balcony of her home. As a result, and with R.A.'s consent, the children were placed in the care of a non-relative on a temporary basis on February 25, and declared dependent as to the mother on March 12. After the placement failed as predicted, the Department moved the lower court to approve the children's transfer to a foster home. At the March 27 hearing on that motion, the trial court, sua sponte and without notice, ordered the children returned to the mother. On March 28, this Court entered an emergency stay and ordered the children returned to the Department's custody, which then placed them in a foster home. After full review and oral argument on the merits, we find the order, while undoubtedly well-intentioned,[1] a departure from the essential requirements of law requiring immediate relief, and therefore grant DCF's petition, joined by the Guardian ad Litem Program, for certiorari.[2]

II.
We base this decision on two interconnected reasons:
1. It is apparent that the Department was not afforded appropriate due process notice and opportunity to be heard as to what we consider the determinative issue of whether the mother's mental condition, which had been responsible for the dependency proceeding in the first place, had been "remedied" as required by statute *580 safely to permit the children to be returned home. See § 39.402(7), Fla. Stat. (2007);[3]E.H. v. Dep't of Children & Family Servs., 979 So.2d 363 (Fla. 2d DCA 2008); Johnson v. Johnson, 979 So.2d 350 (Fla. 5th DCA 2008); Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988); Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979).
2. Likely as a result of this deficiency, there was no competent substantial evidenceby way of reliable expert testimony, compliance with a case plan (which had not yet been formulated) or anything other than the trial court's own plainly insufficient observation and assessment of the mother during her testimonyto support her finding that the mother was "stable" and thus (presumably) that the danger to the children presented by her mental illness had dissipated.[4] See E.H., 979 So.2d at 364; Borden v. Guardianship of Borden-Moore, 818 So.2d 604, 606 n. 1 (Fla. 5th DCA 2002); LeWinter v. Guardianship of LeWinter, 606 So.2d 387, 388 (Fla. 3d DCA 1992); Bergman v. Serns, 443 So.2d 130, 133 (Fla. 3d DCA 1983), pet. for review dismissed, 450 So.2d 486, 488 (Fla.1984).
Accordingly, and specifically without prejudice to an appropriate determination of the issues involved after due notice and a full hearing, the order under review is quashed.
Certiorari granted.
NOTES
[1] After speaking confidentially with the children, the trial judge apparently made the ruling largely upon the thought that a new foster home would require a disruptive change in the children's school where they were doing well. We accept and rely upon the petitioners' representation, however, that no such change has been or will be required.
[2] Unlike family proceedings, see Fla. R.App. P. 9.130(a)(3)(C)(iii), there is no review by appeal of a non-final order involving child custody in dependency cases. See In re Amendments to the Fla. Rules of Appellate Procedure (Out of Cycle), 941 So.2d 352, 353 (Fla.2006); Dep't of Health & Rehab. Servs. v. Honeycutt, 609 So.2d 596 (Fla. 1992); C.B. v. Dep't of Children & Families, 975 So.2d 1158 (Fla. 5th DCA 2008). Common law certiorari, however, is an appropriate remedy under the present circumstances. See E.H. v. Dep't of Children & Family Servs., 979 So.2d 363 (Fla. 2d DCA 2008).
[3] Section 39.402(7) provides:

A child may not be removed from the home or continued out of the home pending disposition if, with the provision of appropriate and available early intervention or preventive services, including services provided in the home, the child could safely remain at home. If the child's safety and well-being are in danger, the child shall be removed from danger and continue to be removed until the danger has passed. If the child has been removed from the home and the reasons for his or her removal have been remedied, the child may be returned to the home. If the court finds that the prevention or reunification efforts of the department will allow the child to remain safely at home, the court shall allow the child to remain in the home.
(Emphasis added).
[4] A "home study," hastily conducted on the night after the decision had been made and prior to a March 28 hearing on the Department's motion for rehearing held the next day, recommended against returning the children because of the uncertainty as to the mother's condition.