RAY, J.
The trial court adjudicated B.D. a dependent child and placed her in a permanent guardianship under the care and supervision of her maternal cousin. Protective supervision ended in mid-2011. The terms of this placement allowed the child’s mother to have supervised visitation as determined by the caregiver. On May 1, 2012, the mother filed a sworn motion to reopen the dependency case to modify custody and visitation. Children’s Legal Services, by and through the Department of Children and Families (Department), filed a court-ordered response requesting a full evidentiary hearing. The Department also filed a motion for clarification challenging the legal sufficiency of the mother’s allegations and seeking procedural safeguards to ensure that the child’s best interest would be met prior to any modification in the child’s placement. On June 21, 2012, without scheduling or holding an eviden-tiary hearing or setting out specific findings of fact, the trial court granted the mother’s motion and directed the Department to reinstate protective supervision. The Department seeks certiorari review of the non-final order. We grant the petition, issue a writ quashing the order, and remand for further proceedings in compliance with chapter 39, Florida Statutes (2011).
Certiorari is an extraordinary remedy that “never was intended to redress mere legal error.” Broward Cnty. v. G.B.V., Int'l, Ltd., 787 So.2d 838, 842 (Fla.2001); Williams v. Oken, 62 So.3d 1129, 1133 (Fla.2011). “To obtain a writ of cer-tiorari, the petitioner must show (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.” Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002); Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004). Because they determine jurisdiction, the “material injury” and “lack of adequate remedy on direct appeal” elements are threshold factors. See Williams, 62 So.3d at 1132; Fla. State Univ. Bd. of Trustees v. Monk, 68 So.3d 316, 318 (Fla. 1st DCA 2011). With these *709 rigid requirements in mind, we consider the Department’s petition.
This was a elosed dependency case; the trial court placed the child in a permanent guardianship pursuant to section 39.6221(1), Fla. Stat. (2011). The mother’s parental rights were not terminated. To support her motion to reopen the case, the mother alleged that she had truly changed for the better and was currently enrolled in college. She claimed to have stable housing and income. The motion stated that the child missed her family and wanted to be with her mother. Cf. J.M. v. Dept. of Children Families, 969 So.2d 491, 493-94 (Fla. 5th DCA 2007) (concluding that the allegations in the mother’s motion to reopen dependency cases were legally insufficient, where the movant merely asserted that she had completed individual counseling and the children wanted to live with her and their stepfather, but the motion presented no factual allegations indicating that the stepfather was no longer a threat to the children).
In seeking clarification of the decision to reopen the dependency case, the Department cited specific statutory authority for immediate relief. We have de novo review of statutory interpretation. B.Y. v. Dep’t of Children & Families, 887 So.2d 1253, 1255 (Fla.2004). To support its request for a full evidentiary hearing, the Department cited section 39.621(9), Florida Statutes (2011), which states:
The permanency placement is intended to continue until the child reaches the age of majority and may not be disturbed absent a finding by the court that the circumstances of the permanency placement are no longer in the best interest of the child. If a parent who has not had his or her parental rights terminated makes a motion for reunification or increased contact with the child, the court shall hold a hearing to determine whether the dependency case should be reopened and whether there should be a modification of the order. At the hearing, the parent must demonstrate that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the modification.
(emphasis added). Additionally, the Department cited Florida Rule of Juvenile Procedure 8.430, which deals with modification of a permanency order and states in pertinent part:
(a) Best Interests of Child. The permanency placement is intended to continue until the child reaches the age of majority and may not be disturbed absent a finding by the court that the circumstances of the permanent placement are no longer in the best interest of the child.
(b) Request for Modification by a Parent.
(1) If a parent who has not had his or her parental rights terminated makes a motion for reunification or increased contact with the child, the court shall first hold a hearing to determine whether the dependency case should be reopened and whether there should be a modification of the order. At the hearing, the parent must demonstrate that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the modification.
(emphasis added). The motion for clarification also cited section 39.621(10), which states:
The court shall base its decision concerning any motion by a parent for reunification or increased contact with a child on the effect of the decision on the safety, well-being, and physical and emotional health of the child. Factors that must be considered and addressed in the *710 findings of fact of the order on the motion must include:
(a) The compliance or noncompliance of the parent with the case plan;
(b) The circumstances which caused the child’s dependency and whether those circumstances have been resolved;
(c) The stability and longevity of the child’s placement;
(d) The preferences of the child, if the child is of sufficient age and understanding to express a preference;
(e) The recommendation of the current custodian; and
(f) The recommendation of the guardian ad litem, if one has been appointed.
See also Fla. R. Juv. P. 8.430(b)(2) (containing substantially the same language as statutory subsection (10)). The Department argued that the conclusory motion to reopen failed to allege sufficient facts that, if proven, would support the requested relief. The court granted the motion to reopen without holding a hearing or setting out factual findings.
In addition to the cited statutes and rules, the Department relies on the reasoning and holding in Florida Department of Children and Families v. R.A., 980 So.2d 578, 579 (Fla. 3d DCA 2008), in which the children were adjudicated dependent as to their mother. When a temporary non-relative placement failed, the trial court, sua sponte and without prior notice, ordered the children to be returned to their mother. The Department objected to this procedure. An emergency stay directed that the children be returned to the custody of the Department, which placed them in a foster home. Id. After a full briefing of the issues, the Third District Court determined that the trial court’s procedures denied proper notice and a reasonable opportunity for the Department to be heard concerning the key issue: whether the mother’s mental condition (on which the adjudication of dependency was based) was sufficiently “remedied” to allow the children’s safe return to her home. Id. at 579-80. Nothing in the record in R.A. supported the trial court’s finding that the mother was “stable,” nor was it clear that the danger to the children posed by the mother’s mental illness had abated since the adjudication of dependency. Id. at 580.
Concluding that the record failed to demonstrate that the trial court had compiled with statutory requirements and made factual findings supported by the record, the court in R.A. held that the Department had satisfied the rigorous requirements for certiorari relief. The order departed from the essential requirements of law; the lack of evidence and findings addressing the children’s best interests resulted in material injury requiring immediate relief. Id. at 579. As a result, the court granted the writ and quashed the order returning the children to their mother. This ruling was “without prejudice to an appropriate determination of the issues involved after due notice and a full hearing.” Id. at 580.
As occurred in R.A., the instant trial court issued an order, over the Department’s objection, and granted relief to the mother without allowing the presentation of evidence. The court failed to make specific, required findings of fact addressing the child’s best interest, stating the circumstances that caused the child’s dependency, and explaining whether those circumstances have been resolved. The statute on which the Department relies is a well-established principle of law, not new or untested legislation. See Ch. 2006-86, § 19, Laws of Fla. (enacting section 39.621(9) and (10)). The trial court did not comply with the law. See Justice Admin. Comm’n v. Peterson, 989 So.2d 663, 665 (Fla. 2d DCA 2008) (“When the circuit court does not apply the plain and unam *711 biguous language of the relevant statute, it departs from the essential requirements of law.”). The Florida Legislature expressly contemplated that where a dependent child’s parent (whose rights have not been terminated) moves for reunification or increased contact with the child, the trial court must implement sufficient safeguards to protect the child.
Without an evidentiary hearing and factual findings, we cannot meaningfully review the trial court’s decision to summarily reopen this dependency case. It is noteworthy that in establishing the permanent guardianship, the trial court found that despite the Department’s reasonable efforts to prevent removal of the child from her home, a continuing need for out-of-home placement existed to ensure the child’s health, safety, and well-being. The court determined that reunification with the parents would be contrary to the child’s welfare and best interest, given the facts underlying the adjudication of dependency. Less than a year after making these findings, however, the court agreed to reopen the case without applying the statutory safeguards. Permanency is an integral element of a “permanent guardianship of a dependent child,” unless and until a valid basis for changing the child’s placement is established in the record. See § 39.01(55), Fla. Stat. (2011) (stating that a “permanent guardianship of a dependent child ... is intended to be permanent and self-sustaining”); § 39.6221(5), Fla. Stat. (2011) (“The court shall retain jurisdiction over the case and the child shall remain in the custody of the permanent guardian unless the order creating the permanent guardianship is modified by the court.”).
“Time is of the essence for permanency of children in the dependency system.” § 39.621(1), Fla. Stat. (2011). Under these circumstances, the court’s failure to comply with the express requirements of the law significantly disrupts what was supposed to be a permanent guardianship, leaves the child’s status in a continuing state of uncertainty, subjects the child to the risk of harm, and requires immediate relief that cannot be provided at some uncertain future time on plenary appeal. See R.A., 980 So.2d at 579; J.L. v. G.M., 687 So.2d 977 (Fla. 4th DCA 1997) (granting certiorari review of orders that allowed non-parties to intervene in a dependency proceeding, contrary to the governing rule and public policy, where the orders posed a risk of irreparable harm to the parents and to the child by interfering with parental rights and with the actions the Department considered necessary to prevent risk to the child while the dependency action was pending).
For these reasons, we grant the petition, issue the writ, quash the order, and remand for further proceedings. To ensure that the parties and the child receive the protection to which they are entitled, see R.A., 980 So.2d at 579-80, the trial court shall hold an evidentiary hearing and make findings of fact in accordance with chapter 39, Florida Statutes (2011).
PETITION GRANTED.
PADOVANO and ROWE, JJ., concur.