PER CURIAM.
The Department of Children and Families (the Department) seeks certiorari review of a non-final, post-dependency order which ordered reunification of the child, C.H., with her parents. “Certiorari review of a nonfinal order is limited to errors that constitute a departure from the essential requirements of the law, causing irreparable injury, for which there is no adequate remedy on direct appeal.” In re A.W.P, Jr., 10 So.3d 134, 135 (Fla. 2d DCA 2009). Because the trial court departed from the essential requirements of the law, we quash the order on review.
Before ordering reunification, a trial court must consider the parents’ compliance with the case plan and whether reunification would be detrimental to the child. C.D. v. Dep’t of Children & Families, 974 So.2d 495, 500 (Fla. 1st DCA 2008). The court is also required to make written factual findings as to the six statutory factors contained in section 39.621(10), Florida Statutes. Id. In this case, the trial court made a finding only as to the parents’ compliance with the case plan. The court failed to address the other statutory factors. Moreover, there was no competent, substantial evidence to support a finding as to any of the factors because the Department was not on notice that reunification was a possible result of the hearing and no evidence regarding this issue was presented to the trial court. The lack of notice and the lack of an evidentiary hearing on reunification violated the Department’s right to due process. State, Dep’t of Children & Families v. B.D., 102 So.3d 707, 710 (Fla. 1st DCA 2012) (quashing an order reopening a dependency proceeding where the trial court failed to make specific, required findings of fact and where the court failed to allow the presentation of evidence); Fla. Dep’t of Children & Families v. R. A., 980 So.2d 578, 579-80 (Fla. 3d DCA 2008) (quashing an order of reunification where the Department was not given due process notice and there was no competent, substantial evidence to support the court’s decision to reunify the children with the mother); Dep’t of Children & Family Servs. v. I.C., 742 So.2d 401, 405-06 (Fla. 4th DCA 1999) (noting that an injunction was a violation of due process where the court gave no notice to the Department that it would enter the injunction and it took no evidence regarding that issue). For these reasons, the trial court’s order departed from the essential requirements of the law and caused irreparable harm that could not be remedied on direct appeal.
We, therefore, grant the petition, quash the order on review, and remand for an appropriate determination of the issues involved after due notice and a full hearing.
Certiorari granted.
CLARK, WETHERELL, and ROWE, JJ., concur.