EVANDER, J.
Edward and Phyllis Chew seek certio-rari review of a non-final order consolidating an adoption case brought by Respondents Earnest and Cynthia Roberts with a termination of parental rights case brought by the Department of Children and Families (“DCF”), and scheduling an evidentiary hearing on the Roberts’ amended motion to modify placement. Because Petitioners were denied due process when the trial court considered and ruled upon the Roberts’ motion to consolidate, we grant relief.
Petitioners are the foster parents of B.E., a young boy who has been in their care for the past three years. B.E.’s parents’ parental rights were terminated on November 30, 2012. The final judgment of termination of parental rights committed *495 B.E. to DCF for subsequent adoption. See § 39.811(2), Fla. Stat. (2012).[1] Petitioners -wish to adopt B.E. and on May, 22, 2013, moved to intervene as parties in the dependency case under the authority of I.B. v. Department of Children & Families, 876 So.2d 581 (Fla. 5th DCA 2004). That motion was granted by the trial court on June 13, 2013.
The Roberts are the maternal great uncle and great aunt of B.E. and also wish to adopt him. In February 2013, the Roberts filed a separate action seeking to adopt B.E. The Roberts’ filing would appear to be contrary to the dictates of section 39.812(5), Florida Statutes (2012). That statute provides: “[t]he petition for adoption must be filed in the division of the circuit court which entered the judgment terminating parental rights unless a motion for change of venue is granted....”
On May 1, 2013, the Roberts filed an amended motion to modify placement in both cases, seeking to have B.E. placed in their home. This motion was noticed for a hearing to be held on June 25, 2013. On June 19, 2013, Petitioners filed a motion to strike the Roberts’ amended motion to modify placement, asserting that the Roberts were not “parties” in the dependency case and, therefore, lacked standing to file a motion to modify placement. On June 21, 2013, the Roberts filed a motion to consolidate the two above-referenced cases, but failed to include Petitioners in the certificate of service.
At the onset of the June 25, 2003 hearing, the Roberts requested the trial court grant their motion to consolidate. Petitioners objected to the trial court considering the motion to consolidate because they had not been served with a copy of the motion (or a notice of hearing for said motion). The trial court determined that before it could consider the amended motion to modify placement, it would be necessary to consolidate the two cases. The court then overruled Petitioners’ lack of notice objection, granted the motion to consolidate, and scheduled the amended motion to modify placement for an eviden-tiary hearing to be held at a later date.
Certiorari review of a non-final order is limited to errors that constitute a departure from the essential requirements of law, causing irreparable injury, for which there is no adequate remedy on direct appeal. In re A.W.P., Jr., 10 So.3d 134, 135 (Fla. 2d -DCA 2009). Here, the trial court departed from the essential requirements of law when it proceeded, over objection, to consider and rule upon the Roberts’ motion to consolidate despite the lack of notice to Petitioners. Id. at 136 (“Because the father was denied due process, we grant certiorari relief and quash the Order Approving Educational Plans.”); see Dep’t of Children & Families v. W.H., 109 So.3d 1269, 1270 (Fla. 1st DCA 2013) (“The lack of notice and the lack of an evidentiary hearing on reunification violated the Department’s right to due process”).
In the instant case, the trial court’s granting of the Roberts’ motion to consolidate had potentially significant legal implications beyond merely having two separate actions heard together. The trial court’s decision on the motion to consolidate implicitly granted the Roberts status as “parties” [2] rather than as “participants”[3] in the dependency case — a legal status to which *496 they may well not be entitled. See, e.g., In re J.P., 12 So.3d 258 (Fla. 2d DCA 2009); In re K.M., 978 So.2d 211 (Fla. 2d DCA 2008).
A petition for writ of certiorari is appropriate to review an order granting a participant’s motion to intervene as a party in a dependency proceeding. J.P., 12 So.3d at 254. The jurisdictional requirements for certiorari review are met because the erroneous granting of a participant’s motion to intervene as a party “may reasonably cause material injury of an irreparable nature.” Id. Because neither the Petitioners nor the Roberts were afforded the opportunity to be fully heard on this issue below, we decline to determine whether the Roberts may be granted “party” status in the dependency case below. For the same reason, we decline to determine the legal sufficiency of the Roberts’ Petition for Adoption by Relatives filed in their separate action.
PETITION FOR WRIT OF CERTIO-RARI GRANTED; ORDER GRANTING MOTION TO CONSOLIDATE AND SCHEDULING EVIDENTIARY HEARING ON AMENDED MOTION TO MODIFY PLACEMENT QUASHED.
LAWSON and COHEN, JJ„ concur.

. Powers of disposition; order of disposition:
(2) If the child is in the custody of the department and the court finds that the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall, by order, ■place the child in the custody of the department for the purpose of adoption.

. Section 39.01(51), Florida Statutes (2012), defines a "party” as:
*496 [T]he parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program when the program has been appointed, and the child....
See also Fla. R. Juv. P. 8.210(a).

. Section 39.01(50), Florida Statutes (2012), provides:
“Participant,” for purposes of a shelter proceeding, dependency proceeding, or termination of parental rights proceeding, means any person who is not a party but who should receive notice of hearings involving the child, including the actual custodian of the child, the foster parents or the legal custodian of the child, identified prospective parents, and any other person whose participation may be in the best interest of the child. A community-based agency under contract with the department to provide protective services may be designated as a participant at the discretion of the court. Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene.
See also Fla. R. Juv. P. 8.210(b).