SAWAYA, J.
Petitioner filed an Emergency Petition for Certiorari seeking expedited review of an order rendered by the trial court ordering reunification of the mother with her two older children, who had previously been sheltered. The order was entered at the mother’s drug court status hearing. Petitioner had no prior notice that reunification would be addressed, Petitioner was not afforded an opportunity to present witnesses or otherwise prepare to address this issue, and no proper evidentiary hearing was held where witnesses were called to testify under oath.
When it became apparent that the trial court was going to address reunification at the status hearing, Petitioner strenuously objected claiming complete surprise. The trial court overruled that objection and ordered reunification based on unsworn statements made by the mother and the case worker.
The lack of proper notice and the failure to conduct an evidentiary hearing where Petitioner had a fair opportunity to present evidence deprived Petitioner of its due process rights. The result is an order that departs from the essential requirements of the law and causes irreparable harm that cannot be remedied on appeal. See Dep’t of Children & Families v. W.H., 109 So.3d 1269 (Fla. 1st DCA 2013) (granting petition for certiorari and quashing order of reunification, concluding that Department’s due process rights were violated when the order was entered without proper notice and an evidentiary hearing). We therefore grant the petition, quash the order under review, and remand this case for further proceedings.
Petition Granted, Order Quashed, and Remanded.
TORPY, C.J., and WALLIS, J., concur.