# Third District Court of Appeal

**State of Florida**

Opinion filed September 10, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1020
Lower Tribunal No. 11-15315
_____

**A.A., the mother,**
Petitioner,

vs.

**Department of Children and Families, et al.,**
Respondents.


A Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Cindy S. Lederman, Judge.

Joanne M. Postel, for petitioner.

Karla Perkins, for Department of Children and Families; Hillary Kambour, for Guardian ad Litem Program.


Before LAGOA, EMAS and FERNANDEZ, JJ.

EMAS, J.

A.A., the Mother/Petitioner ("Petitioner"), has filed a petition for writ of certiorari seeking review of the trial court's order denying her motion for modification of a permanency order and reunification with her children. For the reasons that follow, we grant the petition and quash the order below.

In 2011 the Petitioner's children were adjudicated dependent and, in 2012, the trial court closed the case with the entry of an order placing the children in a permanent guardianship under the care and supervision of the children's stepfather. The terms of the permanency order permitted supervised visitation by Petitioner.

In October 2013, Petitioner filed a sworn motion to reopen the case and sought modification of the permanency order and reunification with the children. The trial court reopened the case and, in December 2013, ordered a psychological evaluation of Petitioner. On February 24, 2014, without conducting an evidentiary hearing, the trial court denied Petitioner's motion for modification. Petitioner sought rehearing alleging, inter alia, that the trial court failed to conduct an evidentiary hearing. The trial court denied the motion for rehearing.

It is undisputed that the trial court failed to hold an evidentiary hearing before denying the motion for modification. Petitioner asserts that, as a result, she was denied her due process right to present evidence and testimony in support of her motion. We agree. Once a permanency order is in place, section 39.621(9),

Florida Statutes (2014), places the burden on the parent seeking reunification or increased contact with the child:

> The permanency placement is intended to continue until the child reaches the age of majority and may not be disturbed absent a finding by the court that the circumstances of the permanency placement are no longer in the best interest of the child. If a parent who has not had his or her parental rights terminated makes a motion for reunification or increased contact with the child, the court shall hold a hearing to determine whether the dependency case should be reopened and whether there should be a modification of the order. <u>At the hearing, the parent must demonstrate that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the modification.</u>

(Emphasis supplied). <u>See also</u> Fla. R. Juv. P. 8.430(a)-(b)(1).

In the instant case, the trial court failed to conduct an evidentiary hearing, denying Petitioner a reasonable opportunity to present evidence and testimony to meet her burden to "demonstrate that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the modification." We reject Respondent's contention that, because the statute does not expressly require an evidentiary hearing, none was required. <u>See</u> <u>Dep't of Children and Families v. W.H.</u>, 109 So. 3d 1269 (Fla. 1st DCA 2013); <u>Dep't of Children and Families v. B.D.</u>, 102 So. 3d 707 (Fla. 1st DCA 2012). <u>See also</u>, <u>Dep't of Children and Families v. R.A.</u>, 980 So. 2d 578 (Fla. 3d DCA 2008).

Petitioner further contends, and we agree, that the trial court's order denying modification fails to contain the findings of fact required by section 39.621(10), Florida Statutes (2014), which provides:

> The court shall base its decision concerning any motion by a parent for reunification or increased contact with a child on the effect of the decision on the safety, well-being, and physical and emotional health of the child. Factors that must be considered and addressed in the findings of fact of the order on the motion must include:
>
> (a)  The compliance or noncompliance of the parent with the case plan;
> (b)  The circumstances which caused the child's dependency and whether those circumstances have been resolved;
> (c)  The stability and longevity of the child's placement;
> (d)  The preferences of the child, if the child is of sufficient age and understanding to express a preference;
> (e)  The recommendation of the current custodian; and
> (f)  The recommendation of the guardian ad litem, if one has been appointed.
>
> (Emphasis supplied).  See also Fla. R. Juv. P. 8.430(b)(2).

The order in the instant case recited the result of the psychological evaluation (which indicated that Petitioner's mental illness has not significantly improved to the point where she could adequately and safely parent her children), and indicated that the guardian ad litem recommended closing the case.[1]

_____

[1] In her sworn motion for modification and reunification, Petitioner describes a variety of actions she took to comply with her reunification case plan and attached seven supporting exhibits.  See § 39.621(10)(a). The order denying the motion fails to articulate whether, and the extent to which, the trial court considered these allegations and exhibits.  The motion also: details the steps Petitioner has taken to

4

The combined failures to hold an evidentiary hearing and to make written factual findings addressing the requisite factors enumerated in section 39.621(10), constitute a departure from the essential requirements of law, causing material injury that cannot be remedied on direct appeal.[2] W.H., 109 So. 3d at 1270.

We therefore grant the petition, quash the order under review and remand this cause to the trial court to conduct an evidentiary hearing and render an order in compliance with section 39.621 (9) and (10), Florida Statutes.

---

obtain and maintain stable employment and housing; describes the circumstances which initially resulted in the children's dependency and how those circumstances have been resolved; and avers that Petitioner's children and the current custodian agree with the modification sought by the motion. See § 39.621(10)(b), (c), (d) and (e). The trial court's order fails to address these factors.

[2] There is generally no right to review by appeal of nonfinal orders in child dependency proceedings. Dep't of Health and Rehab. Servs. v. Honeycutt, 609 So. 2d 596 (Fla. 1992); In re R.B., 890 So. 2d 1288 (Fla. 2d DCA 2005); C.B. v. Dep't of Children and Families, 975 So. 2d 1158 (Fla. 5th DCA 2008). However, common law certiorari provides a remedy under appropriate circumstances such as those presented by the instant case. See In re J.H., 979 So. 2d 363 (Fla. 2d DCA 2008); A.P. v. Dep't of Children and Families, 957 So. 2d 686 (Fla. 5th DCA 2007).