# Third District Court of Appeal

## State of Florida

Opinion filed November 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2019
Lower Tribunal No. 11-16075

_____


**A.S., the Mother,**
Petitioner,

vs.

**Department of Children and Families,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for petitioner.

Karla Perkins, for the Department of Children and Families, for respondent.

Before ROTHENBERG, C.J., and FERNANDEZ, and LUCK, JJ.

FERNANDEZ, J.

A.S., the mother of the minor children, petitions this Court to enter a writ of

certiorari quashing the trial court's order requiring that A.S. stay away from her

mother, V.S., the grandmother of the minor children, who is the permanent guardian of A.S.'s minor children. A.S. has failed to demonstrate a departure from the essential requirements of law that cannot be remedied on direct appeal, thus we deny the petition for writ of certiorari.

On August 2, 2017, the trial court heard evidence concerning the petition for injunction against domestic violence filed by V.S., seeking an order directing A.S. to stay away from V.S. At the conclusion of the hearing, the trial court entered the Stay Away Order, not in the pending domestic violence case that was the subject of the hearing, but in the closed permanent guardianship that pertains to A.S., her children, and V.S., as permanent guardian.

A.S. complains that the permanent guardianship was reopened without notice, and cites to the provisions of Florida Statute section 39.621(10)[1] and Department of Children & Families v. B.D., 102 So. 3d 707 (Fla. 1st DCA 2012),

---

[1] Section 39.621(10) reads as follows:

> The permanency placement is intended to continue until the child reaches the age of majority and may not be disturbed absent a finding by the court that the circumstances of the permanency placement are no longer in the best interest of the child. If a parent who has not had his or her parental rights terminated makes a motion for reunification or increased contact with the child, the court shall hold a hearing to determine whether the dependency case should be reopened and whether there should be a modification of the order. At the hearing, the parent must demonstrate that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the modification.

for the proposition that the trial court may not reopen the permanent guardianship without giving proper notice to the mother and ensuring that she is properly represented by counsel or, at minimum, ensuring that she is informed of her right to counsel in the dependency proceeding. However, section 39.621(10) and B.D. are intended to prescribe the procedure that the trial court must follow when a parent files a motion to reopen a permanent guardianship for the purpose of securing additional time with the minor children or a change in custody. No language in the statutory provision or the cited case precludes a trial court from acting *sua sponte* in the best interest of the minor children, when appropriate.

Consequently, because A.S. has failed to demonstrate a departure from the essential requirements of law that cannot be remedied on direct appeal, we deny the petition for writ of certiorari.

Petition denied.