IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEPARTMENT OF CHILDREN
AND FAMILIES,

      Petitioner,

v.

Case No.  5D22-536

S.T., PATERNAL AUNT, AND P.K.,
PATERNAL GRANDFATHER,

      Respondents.

_____/

Opinion filed December 30, 2022

Petition for Certiorari Review of Order from
the Circuit Court for Brevard County,
Kelly J. McKibben, Judge.

Kelley Schaeffer, of Children's Legal
Services, Department of Children and
Families, Bradenton, for Petitioner.

Sara Elizabeth Goldfarb, Statewide
Director of Appeals, and Laura J. Lee,
Assistant Director of Appeals, of Guardian
ad Litem, Tallahassee, for Guardian ad
Litem Program.

Sarah J. Campbell, of Jay and Campbell,
PLLC, Stuart, and Ashley Severance, of
Law Offices of Ashley Severance,
Melbourne, for Respondents.

WALLIS, J.

The Department of Children and Families ("DCF") joined by the Guardian ad Litem ("GAL") (collectively "Petitioners") petition this court for a writ of certiorari seeking review of the circuit court's order that permitted S.T., the paternal aunt, and P.K., the paternal grandfather, (collectively "Respondents") to intervene in the underlying dependency proceeding and obtain party status. Because neither Respondent can intervene as a party in a dependency proceeding, we grant the petition and quash the circuit court's order.

Our court has previously held that "[c]ertiorari lies to review an interlocutory order granting a motion to intervene." Gil de Lamadrid v. De Jesus Rivera, 272 So. 3d 845, 847 (Fla. 5th DCA 2019). Furthermore, we have recognized in a post-termination matter, a "petition for writ of certiorari is appropriate to review an order granting a participant's motion to intervene as a party in a dependency proceeding," and "[t]he jurisdictional requirements for certiorari review are met because the erroneous granting of a participant's motion to intervene as a party 'may reasonably cause material injury of an irreparable nature.'" Chew v. Roberts, 122 So. 3d 493, 496 (Fla. 5th DCA 2013) (quoting In re J.P., 12 So. 3d 253, 254 (Fla. 2d DCA 2009)). Therefore, because the jurisdictional requirements for certiorari are met, we

2

turn our attention to whether the circuit court departed from the essential requirements of the law.  See Gil de Lamadrid, 272 So. 3d at 847.

Dependency proceedings are governed by Chapter 39, Florida Statutes, and Florida Rules of Juvenile Procedure.  Specifically, Florida Rule of Juvenile Procedure 8.210(a) defines the terms "party" and "parties" as "the petitioner, the child, the parent(s) of the child, the department, and the guardian ad litem or the representative of the guardian ad litem program, when the program has been appointed."  Additionally, section 39.01(58), Florida Statutes (2021), defines the term "party" as "the parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program when the program has been appointed, and the child."  These definitions do not include any language that would support the trial court's decision to allow either Respondent to intervene as a party in this case.  Therefore, the trial court departed from the essential requirements of the law by allowing Respondents to intervene when they do not fall within the definition of "parties" under the statute and rule.  See In re J.P., 12 So. 3d at 254–55 (concluding that circuit court departed from the essential requirements of the law when it allowed the maternal grandmother to intervene as a party in the dependency proceeding).

Accordingly, we grant the petition for writ of certiorari and quash the circuit court's order. On remand, the circuit court may consider whether either Respondent should be allowed to receive notice and be heard as a participant pursuant to section 39.01(57), Florida Statutes, and Florida Rule of Juvenile Procedure 8.210(b).

PETITION GRANTED; ORDER QUASHED; REMANDED WITH INSTRUCTIONS.

LAMBERT, C.J., and EDWARDS, J., concur.