# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

In the Interest of J.R., N.R., C.R., A.R., and L.R., children.

STATEWIDE GUARDIAN AD LITEM OFFICE,

Petitioner,

v.

S.S. and B.S., Prospective Adoptive Parents, and DEPARTMENT OF
CHILDREN AND FAMILIES,

Respondents.

No. 2D23-2529
_____

February 14, 2024

Petition for Writ of Certiorari to the Circuit Court for Pasco County;
Kimberly Campbell, Judge.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Amanda
Victoria Glass, Senior Attorney, Appellate Division, Statewide Guardian
ad Litem Office, Tallahassee, for Petitioner.

Ana-Maria Carnesoltas of the Law Office of Ana-Maria Carnesoltas, P.A.,
Indian Rocks Beach, for Respondents S.S. and B.S., Prospective Adoptive
Parents.

Bruce Bartlett, State Attorney, and Leslie M. Layne, Assistant State
Attorney, Clearwater, for Respondent Department of Children and
Families.


SLEET, Chief Judge.

The Statewide Guardian Ad Litem Office (GAL) petitions this court for certiorari relief to quash the trial court's order granting the prospective adoptive parents S.S. and B.S.'s motion to intervene as parties in the underlying dependency action regarding five minor children—J.R., N.R., C.R., A.R., and L.R.  Because the trial court departed from the essential requirements of the law when it relied on *T.R.-B. v. Department of Children & Families*, 335 So. 3d 729 (Fla. 3d DCA 2022), and permitted the prospective parents to intervene as parties, we grant the petition and quash the order.

## I.    BACKGROUND

In July 2019, the children were sheltered due to their mother's mental health and physical abuse.  By final judgment entered on January 27, 2022, the trial court terminated the parental rights of the children's parents and committed the children to the permanent care and custody of the Department of Children and Families (the Department) for the purposes of adoption.  Four of the children were moved to a therapeutic foster home, and two years later, the fifth child was reunified with her siblings.

In late 2022, the children were matched with two prospective adoptive families who were willing to adopt the children together.  Because one of the families lived in Virginia, the Department prioritized S.S. and B.S. (the Prospective Parents), a local family.  The children were placed with the Prospective Parents in April 2023 as a prospective adoptive placement.

On June 21, 2023, GAL filed a motion to change placement, making several allegations regarding the Prospective Parents as the basis for the placement change.  The Prospective Parents subsequently filed a motion for continuance, arguing that they were notified on July 18,

2

2023, that a hearing would be held on the removal of the three girls on July 24, 2023, and that they needed to appear in person in court if they wanted to be heard. As such, they requested more time to ensure that they could present all relevant evidence to the court. The following day, GAL filed a motion to strike and/or dismiss the Prospective Parents' motion for continuance, explaining that while GAL was not opposed to a brief continuance, the Prospective Parents were not a party to the action under section 39.01(58), Florida Statutes (2023), and thus lacked standing to motion the court. On July 26, 2023, the trial court granted GAL's motion to strike and continued the matter. Thereafter, the Prospective Parents filed a motion for leave to intervene as parties. The court held a hearing on the motion, and on October 20, 2023, the court entered an order granting the Prospective Parents party status.

## II. ANALYSIS

GAL now seeks certiorari relief to quash the trial court's order granting the motion to intervene.

To be entitled to certiorari relief, the petitioner "must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." *See Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 648 (Fla. 2d DCA 1995). The last two elements, often referred to as irreparable harm, are jurisdictional and must be analyzed before the court may even consider the first element. *Id.* at 649.

"A petition for writ of certiorari is appropriate to review an order granting a participant's motion to intervene as a party in a dependency proceeding." *Statewide Guardian Ad Litem Off. v. J.B.*, 361 So. 3d 419, 422 (Fla. 1st DCA 2023) (quoting *Chew v. Roberts*, 122 So. 3d 493, 496

3

(Fla. 5th DCA 2013)); *see also Dep't of Child. & Fams. v. S.T.*, 353 So. 3d 1246, 1247 (Fla. 5th DCA 2022) ("[I]n a post-termination [sic] matter, a 'petition for writ of certiorari is appropriate to review an order granting a participant's motion to intervene as a party in a dependency proceeding,' and '[t]he jurisdictional requirements for certiorari review are met because the erroneous granting of a participant's motion to intervene as a party "may reasonably cause material injury of an irreparable nature." ' " (second alteration in original) (quoting *Chew*, 122 So. 3d at 496)). Therefore, because the jurisdictional requirements for certiorari are met, we turn our attention to whether the trial court departed from the essential requirements of the law.

GAL argues that the trial court departed from the essential requirements of the law when it relied on *T.R.-B.*, 335 So. 3d at 729, and permitted the Prospective Parents to intervene as parties.[1] We agree.

Dependency proceedings are governed by chapter 39, Florida Statutes, and the Florida Rules of Juvenile Procedure. "To keep the focus on the children's best interests, the juvenile rules limit who may be a party to a dependency proceeding, designating other interested persons as participants with lesser rights . . . ." *K.N. v. Dep't of Child. & Fams.*, 359 So. 3d 741, 743 (Fla. 4th DCA 2023). Specifically, rule 8.210(a) defines "party" as "the petitioner, the child, the parent(s) of the child, the department, and the guardian ad litem or the representative of the guardian ad litem program, when the program has been appointed." Fla. R. Juv. P. 8.210(a); *see also* § 39.01(58) (defining "party" to include the

_____

[1] The Department filed a response to the petition explaining that it does not oppose the issuance of a writ of certiorari on the basis that the "order granting the motion to intervene constitutes a departure from the essential requirements of the law that creates irreparable harm that cannot be remedied on direct appeal."

4

same limited people).  A "participant" on the other hand "means any person who is not a party but who should receive notice of hearings involving the child."  Fla. R. Juv. P. 8.210(b).  This includes "identified prospective parents."  *Id.* ("Participants include foster parents or the legal custodian of the child, *identified prospective parents*, actual custodians of the child, grandparents entitled to notice of an adoption proceeding as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child." (emphasis added)); *see also* § 39.01(57) (" 'Participant,' for purposes of a shelter proceeding, dependency proceeding, or termination of parental rights proceeding, means any person who is not a party but who should receive notice of hearings involving the child, including the actual custodian of the child, the foster parents or the legal custodian of the child, *identified prospective parents*, and any other person whose participation may be in the best interest of the child." (emphasis added)).

The plain language of section 39.01(58) and rule 8.210(a) does not allow either S.S. or B.S. the designation of "party" status based on the fact that they are the children's prospective parents.  *See Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005) ("When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent.").  Rather, S.S. and B.S more appropriately should be designated as participants.  However, despite the language of the statute and rule, the trial court concluded without further elaboration that the facts and holding of *T.R.-B.* supports the Prospective Parents' position that they should be allowed to intervene as parties.  This was error.

In *T.R.-B.*, the Third District reversed the trial court's denial of a grandmother's motion to intervene as an interested party in the

dependency proceeding of her grandchild. 335 So. 3d at 730. The Third District relied on Florida Rule of Civil Procedure 1.230 in concluding that intervention is a matter of the trial court's discretion but that it should be liberally construed. It further held that the legal test to determine party status is that the movant's interest "must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Id.* at 736 (quoting *I.B. v. Dep't of Child. & Fams.*, 876 So. 2d 581, 584 (Fla. 5th DCA 2004)). It found that the grandmother satisfied this test by being the child's grandmother and custodial caregiver for four years and by being the petitioner in her adoption petition. *Id.* at 737.

"Although the concept of intervention is liberally applied in general civil procedure, the Rules of Juvenile Procedure, not the Rules of Civil Procedure, apply in this case." *See K.N.*, 359 So. 3d at 743. Notably, in 1992, the Rules of Juvenile Procedure were amended and specified that "[r]eference to the civil rules, previously found in rule 8.200, has been removed because the rules governing dependency and termination of parental rights proceedings are self-contained and no longer need to reference the Florida Rules of Civil Procedure." *In re Amends. to Fla. R. of Juv. P.*, 608 So. 2d 478, 480 (Fla. 1992). "Accordingly, the liberal intervention standard of Florida Rule of Civil Procedure 1.230 does not apply in dependency proceedings." *K.N.*, 359 So. 3d at 743.

Unlike Florida Rule of Civil Procedure 1.230 or Florida Family Law Rule of Procedure 12.230, which both allow "[a]nyone claiming an interest in pending litigation . . . to assert a right by intervention," neither chapter 39 nor the Florida Rules of Juvenile Procedure provide for a mechanism to "intervene" during a chapter 39 proceeding. Instead,

they allow for "participants" to be added to a chapter 39 proceeding "without the necessity of filing a motion to intervene." Fla. R. Juv. P. 8.210(b); § 39.051(57); *see also K.N.*, 359 So. 3d at 745 ("[W]hile a court 'may add additional participants,' that same language is absent from the definition of parties. Its absence must be construed as intentional, as the Juvenile Rules Committee 'knows how to say what it means, and its failure to do so is intentional.' " (citation omitted) (first quoting Fla. R. Juv. P. 8.210(b); then quoting *Paragon Health Servs., Inc. v. Cent. Palm Beach Cmty. Mental Health Ctr., Inc.*, 859 So. 2d 1233, 1235 (Fla. 4th DCA 2003))).

In fact, Florida courts have restricted party designation in several cases, limiting parties to those specifically designated by statute. *See J.P. v. Dep't of Child. & Fam. Servs.*, 12 So. 3d 253, 254 (Fla. 2d DCA 2009) (concluding that the trial court departed from the essential requirements of the law when it allowed the maternal grandmother to intervene as a party in the dependency proceeding); *Statewide Guardian Ad Litem Office v. S.O.*, 361 So. 3d 433, 434 (Fla. 5th DCA 2023) (granting GAL and the Department's petition for certiorari and quashing an order that granted the maternal grandmother's motion to intervene as a party); *K.N.*, 359 So. 3d at 742 (concluding on direct appeal that the trial court did not err in denying intervention, as the Florida Rules of Juvenile Procedure do not provide for party status to foster parents); *S.T.*, 353 So. 3d at 1247 (concluding that the trial court departed from the essential requirements of the law when it allowed the paternal aunt and grandfather to intervene as a party in the dependency proceeding because they did "not fall within the definition of 'parties' under the statute and rule"); *J.L. v. G.M.*, 687 So. 2d 977, 977-78 (Fla. 4th DCA 1997) (concluding that the trial court departed from the essential

requirements of the law by allowing the child's maternal grandmother, aunt, and uncle to intervene in a dependency hearing when they did not fall within the definition of parties).

Furthermore, to the extent that the Prospective Parents argue that pursuant to section 39.522, Florida Statutes (2023), the issue of intervention became moot on January 14, 2024, we disagree. Although the Prospective Parents allege that on that date the children had been placed with them for nine continuous months, thus triggering the provisions of section 39.522, that statute provides for party status in a limited capacity only.

Section 39.522 pertains to postdisposition change of custody. If a caregiver objects to the change in custody, then it must notify the court and the Department of the objection and intent to request an evidentiary hearing. § 39.522(3)(c)2.

> 4. Within 7 days after receiving written notice from the caregiver, the court must conduct an initial case status hearing, at which time the court must:
>
> a. Grant party status to the current caregiver who is seeking permanent custody and has maintained physical custody of that child for at least 9 continuous months for the *limited purpose of filing a motion for a hearing on the objection and presenting evidence pursuant to this subsection.*

§ 39.522(3)(c)4.a (emphasis added). Thus, caregivers may become *limited* parties for the purposes of the change of placement hearing but do not enjoy unlimited party status throughout the dependency hearing. *See J.B.*, 361 So. 3d at 427 (Tanenbaum, J., concurring) (noting that section 39.522(3) provides a very "narrow exception that allows for intervention by a non-relative caregiver only when several very specific criteria are met").

As such, even if the children have been living with the Prospective Parents for nine continuous months as of January 14, 2024, and the Prospective Parents met the criteria of section 39.522, the issue of intervention as a party would not be moot because the trial court improperly granted unlimited party status to the Prospective Parents rather than *limited* party status as contemplated by section 39.522(3)(c)4.a.

Accordingly, we grant GAL's petition for writ of certiorari and quash the trial court's order granting the Prospective Parents' motion to intervene as a party in the underlying dependency action.

Petition granted; order quashed.

KELLY and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.