# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-2724
Lower Tribunal No. 2013-DP-104

_____

In the Interest of K.H., a child.

STATEWIDE GUARDIAN AD LITEM,

Petitioner,

v.

DEPARTMENT OF CHILDREN AND FAMILIES, A.A., the mother, and J.H., the father,

Respondents.

_____

Petition for Writ of Certiorari to the Circuit Court for Osceola County.
Laura Shaffer, Judge.

March 8, 2024

STARGEL, J.

The Statewide Guardian Ad Litem Office ("GAL") seeks a writ of certiorari quashing an order striking its "Motion to Reinstate Protective Services, Reappointment of the Guardian ad Litem, and Change of Goal." Finding that the GAL, having been previously discharged from the underlying dependency case, lacked the authority to seek relief on the minor's behalf, we dismiss the GAL's petition.

Background

In August 2018, the trial court entered an order placing K.H., who was then eleven years old, in a permanent guardianship. The order placing K.H. in a permanent guardianship allowed K.H.'s mother supervised visitation at least two hours per month and required no contact with K.H.'s father, who was serving a fifteen-year prison sentence for attempted sexual battery. The trial court's order retained jurisdiction over K.H. and terminated supervision by the Department of Children and Families. The trial court later discharged the GAL by separate order.

When K.H was fifteen years old, the permanent guardian and K.H. filed a letter to the court requesting a status hearing to reopen the case, as both the permanent guardian and K.H. wished to pursue adoption. The letter alleged that the mother had not exercised her supervised visitation and had no relationship with K.H., and the father remained incarcerated and under a no-contact order with K.H. The permanent guardian wished to adopt K.H. for several reasons, including to provide security for K.H. in the event of the permanent guardian's illness or death and to assist in completing applications to secure funding for K.H. to attend college since her biological parents are not involved in her life.

The trial court held two status hearings after it received the letter but declined to reopen the case, believing it lacked the authority to modify the permanent guardianship. The court stated it would only consider reopening the case if both of K.H.'s parents agreed to voluntarily surrender their parental rights. During both

2

hearings, the GAL asked to be reappointed so it could investigate the possibility of the parents voluntarily surrendering their rights, but the court stated that it saw no reason to appoint the GAL and instructed the permanent guardian to reach out to K.H.'s parents herself. Several months later, without the trial court having entered a written order on the permanent guardian and K.H.'s request to reopen the case, the GAL filed a "Motion to Reinstate Protective Services, Reappointment of the Guardian ad Litem, and Change of Goal." The following day, the trial court entered an order striking the GAL's motion on the grounds that the GAL had been discharged and was "no longer a party to the case." The GAL then filed the instant petition.

### Analysis

To obtain relief by way of certiorari, the petitioner must show "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder*, 826 So. 2d 382, 387 (Fla. 2d DCA 2002)). The latter two elements, otherwise known as "irreparable harm," are jurisdictional and must be analyzed first. *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011); *see also State, Dep't of Child. & Fams. v. B.D.*, 102 So. 3d 707, 708 (Fla. 1st DCA 2012) ("Because they determine jurisdiction, the 'material injury' and 'lack of adequate remedy on direct appeal' elements are threshold factors.").

3

Here, the trial court was correct that because the GAL had been discharged, it was no longer a party to the case and therefore lacked the authority to seek relief on K.H.'s behalf. *See* § 39.01(58), Fla. Stat. (2022) (defining "party" in the context of chapter 39 as "the parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program *when the program has been appointed*, and the child")(emphasis added); § 39.807(2)(b)3 ("The guardian ad litem has the . . . responsibilit[y] . . . [t]o represent the best interests of the child until the jurisdiction of the court over the child terminates *or until excused by the court*.")(emphasis added). As a result, the GAL cannot establish the requisite irreparable harm to invoke this Court's certiorari jurisdiction, and we must dismiss the GAL's petition.

Still, based on the record before us, it is clear the permanent guardian and K.H.'s letter requested that the court consider reopening the case to pursue adoption rather than permanent guardianship as the permanency plan based on the changed circumstances. The trial court did not enter a written order on the permanent guardian and K.H.'s letter. Instead, a notice was filed stating that the letter was returned as an improper *ex parte* communication or motion, and a motion with proper notice to all parties could be resubmitted. Absent a written order from the trial court ruling on a proper motion, including notice to all parties, neither a permanent guardian nor a ward are able to obtain relief from an appellate court. *See Marinelli v. State*, 706 So. 2d 1374, 1376 (Fla. 2d DCA 1998) (noting that appellate

4

courts "lack[] jurisdiction to review orders which have not been reduced to writing");

*see also State v. Maldonado*, 156 So. 3d 589, 589 (Fla. 3d DCA 2015) (dismissing certiorari petition for lack of jurisdiction where the trial court had not rendered a written order). Thus, our dismissal of the GAL's petition is without prejudice to any right the permanent guardian and K.H. may have to file a proper motion or pleading seeking relief from the trial court, including seeking to reopen the case and to reappoint the GAL.[1]

DISMISSED.

WHITE and MIZE, JJ., concur.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Stephanie E. Novenario, Senior Attorney, Appellate Division, Tallahassee, for Petitioner.

Kelley Schaeffer, Appellate Counsel of Children's Legal Services, Bradenton, for Respondent, Department of Children and Families.

No Appearance for Respondents, A.A., the mother, and J.H., the father.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED

---

[1] *See* Fla. R. Juv. P. 8.215(a) ("At any stage of the proceedings, *any party* may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent.") (emphasis added).